CASE 26—ACTION BY THOMAS J. LANGAN AGAINST ILLINOIS CENTRAL RY. CO. FOR PERSONAL INJURIES.—SEPT. 29.

# Illinois Central R. R. Co. v. Langan.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

MASTER AND SERVANT—INADEQUATE ASSISTANCE—NEGLIGENCE—ASSUMPTION OF RISK.

Held. 1. A master is liable for the injury sustained by a servant while unloading steel shafts from a car by reason of the foreman's failure to exercise ordinary care in providing a sufficient number of men to assist in doing the work.

2. A servant employed to unload steel shafts from a car did not assume the risk incident to the master employing an inadequate force to assist where the probability of injury was such that the judgment of prudent men might differ on the certainty of its happening, or with reference to whether the force was reasonably adequate to perform the work, and where the master insisted, after objection, that the servant proceed with the work,

PIRTLE & TRABUE AND J. M. DICKINSON, FOR APPELLANT.

MATT O'DOHERTY, FOR APPELLEE.

(No briefs.)

Illinois Central R'. Co. v. Langan.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellee was a freight handler at appellant's depot in Louisville. Freight was handled by gangs of four men. When more were needed, additional ones were detached from one gang and added to the other. Appellee and three others were called upon to move steel shafts, weighing from 200 to 460 pounds, from the cars to the freight platform. They were under the direction of a freight clerk. The gang, including appellee, had moved several shafts, weighing about 200 pounds, and requested the freight clerk to obtain assistance for the removal of the larger shafts, which weighed 460 pounds each. They stated to him that they could not in safety or that it would be dangerous for them to attempt to move these larger shafts, which were about twenty feet long, and from four to six inches in diameter, were round, and had been oiled or greased, making it difficult for them to be handled. The freight clerk, having failed to get the additional men after an apparent effort, exclaimed to appellee and the others of his gang, "O, go on!" or something to that effect. In attempting the handling of one of these larger shafts it slipped or was dropped from the hands of the carriers, and fell on appellee's foot, severely injuring it.

This suit for resulting damages was based upon the neglect of appellant in failing to provide a sufficient number of workmen to assist appellee in this work. The instruction of the court upon this point was that it was the duty of the defendant, the railroad company, to furnish a sufficient number of hands to handle in a reasonably safe manner the shafting which injured appellee, and that if it failed to do so, and knew, or by the exercise of ordinary care could have known, that the force furnished for the handling of the shafting in a reasonably safe manner was insufficient,

and the same was not known by appellee, and could not have been known by him in the exercise of ordinary care, and that appellee did not have equal means of knowing the same with appellant, or its agents superior in authority to him, and that appellee was injured by such failure of appellant, then the law was for the appellee. For the appellant it is objected that this instruction was erroneous, in that it failed to tell the jury that they could find, for the injured servant only in the event that his superior, through gross negligence, failed to provide a sufficient number of men to assist in doing the work. I. C. R. Co. v. Coleman, 22 R., 878; 59 S. W., 13.

There are certain risks which a laborer assumes as an incident of his employment. Among these is that of the ordinary negligence of his fellow servants. Although each servant in the common employment is a representative of the master to the extent that he is acting within the scope of his duties, yet for many kinds of ordinary neglect towards his fellow servants the master may not be liable for resulting injuries. However, there are certain duties which the master owes to his servants that are primary and personal in their nature, and which he may not delegate to another so as to escape liability for their non-performance. Among these he owes to his servants to furnish them a reasonably safe place in which to do their work, and must furnish them reasonably safe tools and appliances with which to do it. Alongside of these he must furnish them adequate assistance, or a sufficient number of workmen. So where the master assigns or imposes upon one of his servants the duty of representing him in providing these means, the servant's acts are deemed to be those of the master, and for a simple neglect by such servant the master is responsible as though he acted in person. As said

in N. P. R. R. Co. v. Herbert, 116 U. S., 642, 6 Sup. Ct., 590; 29 L. Ed., 755: "The servant does not undertake the risks arising from the want of sufficient and skillful-colaborers, or from defective machinery  His contract implies that in regard to these matters his employer shall make adequate provision that no danger shall ensue to him." Lasch v. Stratton 101 Ky., 672; 19 R., 889; 42 S. W., 756; Thorpe v. Missouri Pac. Ry. Co., 2 S. W., 3.

Appellant's next point is that appellee was aware of the danger in his employment resulting in his injury at the time he undertook it, and that his continuing in this employment, with knowledge of the inadequate force, was equivalent to his own assumption of the danger incident to the task. This would be true if the danger was such an obvious one as that the injury was reasonably certain to result, so that none but a reckless man would have undertaken it under the circumstances. We understand the rule on this subject to be that if the danger or risk is such that a prudent man would have refused to do the work under the circumstances because of the danger, then the servant will act at his peril in undertaking it. But where the probability of injury is such that the minds and judgments of prudent men might well differ upon the certainty of its happening or with regard to whether the force or appliances are reasonably safe or adequate to the performance of the task, and where the master insists, after objection, that the servant proceed with the work, or assures him that the force is adequate or the machinery safe, then the servant has a right to rely upon the master's presumed superior knowledge. The risk is thereby assumed entirely by the master, and he impliedly assures the servant, who relies upon his statement, or who

obeys his positive direction, that if he, the master, is in error as to the safety, he would indemnify the obedient servant against the consequences. Shearman & Red. Neg., 126; Clark v. Holmes, 7 Hurl. & N., 937; Snow v. Housatonic R. R., 8 Allen, 450; 85 Am. Dec., 720; Conroy v. Vulcan Iron Works, 62 Mo., 39.

Concerning appellant's criticism of the instruction governing contributory negligence, we deem it sufficient to say that there was no evidence of contributory negligence in this case apart from such as may have been included in the act of appellee in handling the shafting with an inadequate force with such knowledge as he may have had of the dangers of the situation, and that feature was submitted to the jury in other instructions.

Perceiving no error in the record prejudicial to appellant, the judgment is affirmed, with damages.