## Southern Planing Mill v. Hebel.

(Decided December 2, 1915.)

### Appeal from Jefferson Circuit Court (Common Pleas No. 3).

Master and Servant—Safe Appliances—Assurance of Safety—Assumption of Risk.—In an action by a servant against his master for damages for injuries alleged to have been caused by defective appliance, where the evidence showed that plaintiff complained of the defective appliance and was assured by the master that it was safe, evidence considered and held that the question whether or not the danger was so obvious that an ordinarily prudent person would have refused to work, was for the jury.

FRED FORCHT for appellant.

THUM & ROY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

In this action for damages for personal injuries, plaintiff, Edward Hebel, recovered of defendant, Southern Planing Mill, a verdict and judgment for $1,500.00. The defendant appeals.

The only ground urged for reversal is the failure of the trial court to give a peremptory instruction in favor of defendant.

The facts are these: While engaged in operating a rip saw for defendant, a piece of board flew back and struck plaintiff in the bowels and severely injured him. Plaintiff had been in the employment of the company for about nine years. For the first seven and one-half years of that time he occasionally worked on the saw. During the last year and a half of his employment that was his regular work. The saw was operated by means of a lever, which started or stopped it. It was plaintiff's duty to start the boards towards the saw along the gauge, which regulated the width of the board to be sawed out. According to his testimony, there was a spring at the rear of the saw, designed to hold the board down and prevent it from flying back. A few weeks before the accident the spring fell off. Plaintiff called the attention of the foreman to the matter and the foreman gave him some five-sixteenth-inch screws with which to replace the spring. Plaintiff protested that the spring was in-

sufficient and asked that rollers be used instead. The foreman assured him that the spring was all right and that it would be safe for him to continue at work with the spring. Plaintiff screwed the spring on the best he could, but after that time it was loose. On the occasion of the injury he started a board and it suddenly flew back and injured him. He says that it was customary to have rollers instead of the spring and that rollers would afford more protection. He further says that if the spring had not been defective and loose it would have held the board and the board would not have come back and injured him.

Defendant insists that the risk of injury from the fly back was one of the ordinary risks usually incident to the business in which plaintiff was engaged, and as plaintiff was an experienced sawyer he necessarily assumed the risk. It must be remembered that there are two classes of risk: (1) Those which are not created by the master's negligence, or the ordinary risks of the service; (2) those which are created by the master's negligence, or the extraordinary risks. The ordinary risks the servant assumes, but the extraordinary risks, or those created by the master's negligence, he does not assume, unless he knows of the defect and danger therefrom, or the defect and danger are so obvious that an ordinarily prudent person would, under the circumstances, have observed and appreciated them. C. & O. Ry. Co. v. DeAtley, 159 Ky., 687. If, as a matter of fact, the spring was defective, and its defective condition was, as plaintiff says, the proximate cause of his injury, then the risk was not an ordinary risk but an extraordinary risk growing out of the negligence of the master. Furthermore, plaintiff, although aware of the defect, made complaint to the foreman, who assured him that the spring was safe. Under these circumstances, he had the right to rely on the superior knowledge of the foreman and to continue at work with the saw, unless the danger or risk was so obvious that an ordinarily prudent person would have refused to do the work. Ordinarily, this is a question for the jury, and we see nothing in the facts of this case to take it out of the general rule. Rogers v. South Covington & C. St. Ry. Co., 112 S. W., 630; Long's Admr. v. Illinois Cent. R. Co., 113 Ky., 806, 68 S. W., 1095. It follows that a peremptory instruction was properly refused.

Judgment affirmed.