## Cumberland Pipe Line Company v. Strong.

(Decided May 29, 1917.)

Appeal from Breathitt Circuit Court.

Master and Servant—Assumption of Risk.—A workman who is injured in performing a duty ordered to be done by his superior, because of lack of physical strength, cannot recover damages for injuries sustained thereby under the rule that there is no assumption of risk on the part of the servant in obeying an order of the master to do a particular thing, because the law, assuming that with respect to his physical strength the servant possesses a superior knowledge to that of the master, places upon the servant the duty of knowing his physical strength and of not overtaxing it.

O. H. POLLARD and J. H. GARDNER for appellant.

CHESTER GOURLEY, ADAMS & HOLLIDAY, W. H. BLANTON, WALTER PRATER and HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Claiming to have been crushed under the weight of an iron flange and seriously injured, and that his injuries were due to the negligence of the defendant in ordering him to carry the flange, C. H. Strong brought this action against the Cumberland Pipe Line Company to recover damages. The trial before a jury resulted in a verdict and judgment in favor of plaintiff for $2,000.00, and defendant appeals.

These are the facts established by the evidence practically without contradiction. In May, 1912, T. B. Sears was the defendant's line walker and foreman in charge of repairs of its pipe line in Breathitt county. He employed the plaintiff, Strong, and others to help repair a break which had occurred in the pipe line on Turner's Creek. Sears and his crew got tools and appliances necessary for the repair work at a point near the mouth of Long's Creek and took them down the Middle Fork of Kentucky River on a raft to the mouth of Turner's Creek, where the tools and appliances were unloaded and placed on a wagon and hauled up Turner's Creek to a point near the break. The tools and appliances were then unloaded to be carried from the wagon to the point where the break occurred, which was inaccessible by wagon. The tools and appliances consisted of a stock and dies, one pair of cutters, three sets of tongs, a pipe wrench, some shovels and the flange to be used in repairing the break. The flange consisted of two pieces of iron pipe 4 inches in diameter fastened together by bolts through a flange, the whole being eight or ten inches long, ten or twelve inches wide at the flange and weighing seventy-five or eighty pounds. When the tools and appliances were removed from the raft they had to be carried up the river bank some fifteen or twenty feet to be loaded into the wagon, at which time the plaintiff, Strong, without special directions so to do, carried the flange from the raft up the river bank on his shoulder and loaded it in the wagon. When the point was reached at which the wagon was to be unloaded, Sears, the foreman, said to Strong, as testified by the plaintiff: "He says, 'Mr. Strong,' he says, 'you bring the flange,' and I told him all right." Plaintiff also testified that he had been employed by the defendant in repairing breaks in its pipe line off and on when such breaks occurred since 1902, and that he was familiar with the tools and appliances, including flanges, used

in such repairs, but that he had never before until the day of the accident attempted to carry a flange. He states that when told by Sears to bring the flange, he, with the help of another, placed it upon his shoulder and started to the place where the repairs were to be made; that he carried it about twenty-five steps, about ten or twelve steps beyond a fence which he had crossed with the flange on his shoulder, when something snapped in the side of his head or neck and he sank down to the ground and the flange rolled off of him, and that he thereby received the injuries of which he complained.

Witnesses were introduced by the plaintiff who proved that it was customary and proper for such a flange to be carried by two men, while several witnesses for the defendant testified that it was a one man job. Defendant insists that it was error to refuse its motion for a peremptory instruction. On the other hand, plaintiff contends that the facts bring the case within the rule that the servant does not assume the risk in obeying an order of the master directing him to do a particular thing, in support of which rule numerous authorities are cited, among which are I. C. R. R. Co. v. Langan, 116 Ky. 318, and L. & N. R. R. Co. v. Mahan, 113 S. W. 87. We have no fault to find with any of these authorities and we do not question the correctness of the rule, but we are unable to consent to its application here for the reason that the facts of this case bring it squarely within an exception to the above rule announced by this court in the recent case of Sandy Valley & Elkhorn R. R. Co. v. Tackitt, 167 Ky. 756. Counsel for appellee evidently recognizing the perilous similarity between the case at bar and that case, has attempted to distinguish them, but we are unable to discover any essential difference in the facts of the two cases. The chief difference suggested is that in the Tackitt case it was proven that Tackitt knew before he made his effort to operate the lifting jack that it was beyond his strength, whereas in this case there is no proof that Strong knew that he did not have sufficient strength for the task attempted. Admitting that this difference exists, it is not material since the test is not that the servant actually knows his lack of capacity for the particular task but that he is the best judge of his own physical strength, and the duty is on him not to overtax it. The basis of the general rule above stated, exempting the servant from the

assumption of risk in obeying the master's command, is the assumed superior knowledge of the master. The reason for the exception to that rule, announced in the Tackitt case, is that as respects his own physical strength, the servant possesses a superior knowledge to that of the master. It would be indeed a violent assumption, entirely at variance with common experience and common sense, to assume that the master had a superior knowledge of the servant's physical strength. The Tackitt case was a much stronger case than is this, because he demurred before undertaking the task on the ground that he thought it was too heavy for him and was assured by his foreman that he could carry it, while in this case Strong did not object or ask assistance but seemingly undertook the work willingly. More than that, it would seem to be proven in this case that both Sears and Strong had reasonable grounds for believing that the latter had sufficient strength to carry the flang; from the fact that but a few hours before he had carried it unassisted from the boat up the river bank to the wagon. Numerous authorities are cited in the Tackitt opinion, in support of the rule therein announced and here applied, and we do not deem it necessary to repeat them.

It, therefore, follows that the trial court erred in refusing the peremptory instruction asked for by defendant and the judgment must be reversed and cause remanded for a new trial consistent with this opinion.