## Consolidation Coal Company v. Deskins.

(Decided January 15, 1918.)

### Appeal from Johnson Circuit Court.

1. Master and Servant—Injury to Servant—Safe Place to Work—Command of Master—Effect.—Although a mining company is un-

der no duty to furnish a miner engaged in pulling. stumps, a safe place to work, yet if the miner protests against proceeding with the work and intends to stop, and the company's foreman gives him a, direct command to go on with the work, the mere giving of the command, if negligently done, is sufficient to impose liability on the company, although no other negligence is shown.

2.    Master and Servant—Safe Place to Work—Command of Master—Negligence.—In a miner's action for personal injuries, evidence of the mine foreman's negligence in commanding plaintiff to proceed with the work considered and held sufficient to take the question to the jury.

ED. C. O'REAR and FOGG & KIRK for appellant.

J. T. BAILEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming:

Plaintiff, Sidney Deskins, brought this suit against the defendant, Consolidation Coal Company, to recover damages for personal injuries. From a verdict and judgment in his favor for $500.00, the coal company appeals.

The facts are as follows: Plaintiff was an experienced miner and was engaged in the work of pulling stumps or robbing pillars in one of defendant's mines at Van Lear. He was paid so much a ton for the coal gotten out and so much a yard for the slate removed. He was furnished with sufficient props and it was his duty to prop the roof or remove the slate. He knew the work was dangerous in which he was engaged. On the afternoon preceding his injury, the company's foreman came to plaintiff's place of work and plaintiff says that the following conversation occurred:

"I said to him that that was such a bad place we better leave two little stumps here and he says, no that is all right, go on and get it, you can get all that. Set up plenty of timbers and you can take all of that."

Plaintiff further says that it was his duty to obey the order of the foreman and that he would not have continued to work at the pillar had no such order been given. He further says that he set up all the props that he could use and at the same time continued the work. While at work with his pick between the first and second rows of props about four feet from the face of the coal, a piece of slate, from beneath which he had removed the coal the day before, fell and injured his foot.

The contention is made that, on the above facts, the company was entitled to a peremptory instruction. Its argument is as follows: The work in which plaintiff was engaged was inherently dangerous, and since not only the conditions were constantly changing and the place rendered more dangerous by the removal of the coal, but the duty of propping or taking down the draw slate, devolved upon plaintiff, the safe place doctrine was not applicable. There being no duty and therefore no negligence, the mere fact that the foreman commanded plaintiff to proceed with the work was not of itself sufficient to impose liability on the company. Cases may arise, of course, where a mere assurance of safety will not afford ground for recovery in the absence of other negligence, Thomas v. National Concrete Construction Co., 166 Ky. 512, 179 S. W. 439, but that principle has no application to the facts of this case. Though the safe place doctrine might not have been applicable if plaintiff of his own volition had proceeded with the work, such is not the case presented. According to plaintiff's evidence, he would have stopped work on the pillar had it not been for the foreman's command. Hence if no command had been given, he would have been subjected to no further danger. In obeying the command he had the right to rely upon the superior judgment of the foreman and assume that the foreman would not subject him to any unnecessary peril, and to proceed with the work, unless the danger was so obvious that an ordinarily prudent person in his situation would have refused to encounter it.

Under these circumstances, the mere giving of the command, if negligently done, was of itself sufficient to impose liability on the company, although no other negligence was shown. Northeast Coal Company v. Hunley, 163 Ky. 817, 174 S. W. 732; Interstate Coal Company v. Garrard, 163 Ky. 235, 173 S. W. 767; City of Owensboro v. Gabbert, 135 Ky. 346, 122 S. W. 178; Northeast Coal Company v. Setzer, 169 Ky. 245, 183 S. W. 553. On this question the evidence was sufficient to take the case to the jury and the peremptory instruction asked by the company was, therefore, properly refused.

Judgment affirmed.