### Siler v. Payne, Director General of Railroads, as Agent.

(Decided March 24, 1922.)

### Appeal from McCreary Circuit Court.

1. Master and Servant—Assumption of Risk.—A servant who engages in dangerous work, in obedience to the direct orders of his superior, or, after objection is made to performing the work on the ground that it is unsafe, is assured by his superior that it is safe, will not be held to assume the risk of injury unless the danger was so obvious that no ordinarily prudent person would have undertaken the work under the circumstances.

2. Master and Servant—Assumption of Risk.—Where the section foreman ordered his crew to a place of work and his attention

was then called by one of them to the danger of the situation, and he making no response to the suggestion again ordered them to proceed with the work, and shortly thereafter one of the crew was injured by falling wreckage, it was for the jury to determine whether or not the injured servant assumed the risk of injury.

3. Master and Servant—Assumption of Risk—Evidence.—The evidence adduced in this case was sufficient to take it to the jury on the question of the master's negligence as well as that of whether or not the servant assumed the risk of the injuries sustained.

HENRY C. GILLIS and JOHN W. SAMPSON for appellant.

TYE & SILER, EDWARD COLSTON and JOHN GALVIN for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

The appellant, J. J. Siler, was a member of a section crew when on September 28, 1918, his crew was called on to assist in removing wreckage caused by the collision of two freight trains on the tracks of the Southern Railway in Kentucky. In the course of the work he received an injury to recover damages for which he brought this suit, and on the trial of the case after all the evidence had been introduced the trial court directed the jury to return a verdict for the Director General. Judgment having been rendered on the verdict so returned this appeal is prosecuted.

The peremptory instruction was evidently given on the theory that appellant assumed the risk of the injury. It is insisted here that there was ample evidence to take the case to the jury. However, it is recognized in argument that where the gravamen of the complaint is the failure to exercise ordinary care in furnishing a reasonably safe place in which to work it is incumbent upon the injured servant to show that he did not know or appreciate the hazards incident to the work he was doing. It is contended that the record meets the requirements of the law in this respect, if not directly, by proof of facts from which the inference is plainly discernible.

C. O. & G. R. R. Co. v. McDade, 191 U. S. 64, admirably states the rule in substance to be that where the defect is known to the employee or is so patent as to be readily observed by him he cannot continue to use the defective apparatus in the face of that knowledge and without objection and not be held to assume the hazards incident

to the situation. This accords with Meade v. Ashland Steel Co., 125 Ky. 114; C. N. O. & T. P. Ry. Co. v. Goldston, 156 Ky. 410; L. & N. R. R. Co. v. Henry, 167 Ky. 151; McFarland v. C. & O. Ry. Co., 177 Ky. 551; Schlemmer v. Buffalo R. & P. Co., 220 U. S. 590, and Seaboard Air Line Ry. v. Horton, 233 U. S. 492.

Under this doctrine it must be held as a matter of law that appellant assumed the risk of the injury sustained, unless he acted under a direct order from his superior or on an expressed or implied assurance of safety from him.

Appellant was about fifty years of age at the time he was injured; he was a member of an extra section crew with which he had been working for five or six days. His crew was called to the scene of the wreck at two o'clock in the morning. The wreck occurred at a fill on the track and the proof shows that one of the cars had contained bags of feed, which, when the car was crushed, rolled to the bottom of the fill and that appellant's crew were ordered by the assistant road master to carry the bags to the top of the fill. While doing this work the end of a crushed box car, which had been held erect by parts of the wreckage, fell and injured appellant. There is evidence to show that other employees, not working with appellant, in removing the wreckage caused the end of the car to fall.

Evidence pertaining to the orders given appellant's crew was offered and improperly excluded. But avowals were made and they must be considered in determining the question involved on this appeal. When directed to remove the bags, Lewis Hamlin, who was working with appellant, said he told the assistant road master that there was danger of the end of the car falling. He also said that the road master did not say anything in reply to the suggestion but stood there for a minute and then said, "Go down there and be moving that." Shortly after the crew began work the accident occurred. There is also evidence showing that Kidd, the assistant road master, ordered Strunk, the section foreman, in the presence of appellant to put his men there and get the sacks out or fire them, and that both Kidd and Strunk directed appellant to remove the bags.

For appellee it is insisted that Ballard & Ballard Co. v. Lee's Admr., 131 Ky. 412; Dyer v. Pauley Jail Bldg. Co., 144 Ky. 592, and similar cases are applicable to the facts proven in this case. We do not consider that line

of cases controlling, for they relate to liability for injuries sustained while the employee is engaged in wrecking a building, the hazards of the work in such cases being created by the work itself. Where the work as it progresses necessarily creates new dangers the servant is held to assume the risks incident to his service, but those cases are distinguishable from this case where the servant was not removing wreckage but was carrying bags from the bottom of the fill to the top of it and was not in the course of his work creating any danger.

The general rule of assumed risk previously mentioned is subject to the qualification that if the servant acted under the direct orders of his superior or on his assurance of safety the servant will not be held to assume the risk, unless the danger was so obvious that no ordinarily prudent person would have undertaken the work under the circumstances. (C. N. O. & T. P. Ry. Co. v. Estes, 189 Ky. 54, and authorities there cited.) In such cases the servant has the right to rely on the superior knowledge of the master and the assurance of safety need not be expressed but may be implied from a direct order given after objection has been made on the ground that the place is unsafe.

With this rule in mind it seems to us that the case should have gone to the jury on the question of assumed risk. Objection was made to the work by Hamlin, a member of the crew, at the time the order was first given and the attention of the foreman was called to the danger, following which, according to the testimony of appellant, both the section foreman and assistant road master ordered appellant and the other members of the crew to proceed with the work. In obeying those orders it is not for the court to say that appellant assumed the risk of injury or that the dangers were so obvious that no ordinarily prudent person would have undertaken the work. Appellant was inexperienced in work of that kind. The order given the men to proceed with the work, after the safety of the situation had been called in question, might have conveyed to appellant the implied assurance of the reasonable safety of the place. When considered in connection with other evidence in the record, it was sufficient to take the case to the jury as to appellee's negligence, and it was for the jury to determine whether or not appellant assumed the risk of the injury sustained. We,

therefore, conclude that the court erred in peremptorily instructing the jury to return a verdict for the defendant.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion.