## Louisville & Nashville Railroad Company v. Davis.

(Decided April 17, 1923.)

### Appeal from Lee Circuit Court.

1. Master and Servant—Foreman's Negligence in Giving Instructions Held for Jury.—On evidence that plaintiff, who was inexperienced in the operation of a tunnel motor car, was accompanied by his foreman, who instructed him how to operate the car, and that in attempting to follow instructions he caused a collision, though previously he had successfully operated the car alone on the same route, held, that it was for the jury to determine whether the foreman was negligent in giving the instructions, so that it could not be said that the injury was due solely to the negligence of plaintiff.

2. Master and Servant—Risk of Master's Negligence Not Assumed.— A servant never assumes risks growing out of the master's negligence unless he knows of failure of duty, and consequent danger, or unless the failure of duty and danger therefrom are so obvious that an ordinarily prudent person would have observed the one and appreciated the other.

3. Master and Servant—Risk of Obeying Orders of Superior Not Assumed.—The servant who acts under the direct orders of superior does not assume the risk unless the danger is so obvious and imminent that no ordinarily prudent person would have undertaken the risk.

4. Damages—Person May Testify to His Mental Suffering.—In an action for personal injuries, plaintiff may testify to his mental suffering, just as he may testify to his physical suffering.

5. Appeal and Error—Damages—Injured Person Cannot Magnify Damages by Stating Fears which were Groundless, and Admis-

sion of Such Evidence is Prejudicial Error.—In an action for injuries to a hand, plaintiff cannot magnify his damages by testifying to fears that blood poisoning may ensue necessitating amputation of the hand, where such fears were altogether groundless, and never materialized, and the admission of such evidence was prejudicial where the verdict allowed $3,000.00 for the injuries.

B. D. WARFIELD, ROSE & STAMPER and HUNT, NORTHCUTT & BUSH for appellant.

J. MOTT McDANIEL for appellee.

Opinion of the Court by Judge Clay—Reversing.

This is an appeal from a judgment for $3,000.00 for personal injuries.

It is conceded that the case is controlled by the Federal Employers' Liability Act.

The facts are these: For some time appellant had been engaged in relining a tunnel with concrete, and appellee had been working with the tunnel crew as a scaffold carpenter. On the morning of the accident his foreman assigned him the task of running the motor attached to a scaffold car, which carried the fresh concrete from the mixer into the tunnel. He had had no previous experience in operating a motor car and had made only a half dozen trips before the accident, and this fact seems to have been known by the foreman. According to appellee's evidence the accident occurred under the following circumstances: While shoving a scaffold car into the tunnel with a motor he was accompanied by his foreman who directed him to give the car a shove or kick and stay off the brakes. He then speeded up the car, and when they got to the point where he ought to stop, and where the foreman had told him to stop, he shut off the motor and put on the brake, but the car would not stop and ran back against the forms in the top of the tunnel, and caused a carbide lamp which was carried on top of the scaffold car to fall and injure his hand. In doing this he carried out the foreman's orders. Prior to that time he had always proceeded with great caution, and had never had an accident. On the other hand, the foreman testified that when the car was in about a hundred feet of the form at which he intended to stop, he told appellee to give the car a little kick and cut off the gasoline so it would coast down. Then it would have been much easier to stop the car. After the accident he examined the car and

found that the friction wheel had not been cut off, and this made it much harder to stop.

It is first insisted that no negligence on the part of appellant was shown, and that appellee's own negligence was the sole cause of the accident. There might be some merit in appellant's contention if the accident had happened out in the open and to an experienced driver. It must not be overlooked, however, that the foreman knew that appellee was inexperienced in driving a motor car, and that the accident happened in a tunnel, which, at most, was but dimly lighted. It is conceded that appellee's back was toward the carbide lamp, but admitted by the foreman that he was facing the lamp and knew of the danger of its falling in case of a collision. Though inexperienced, appellee had met with no accident when left to exercise his own judgment. It is very difficult even for an experienced driver to be guided by the directions of another. In ordering appellee to give the car a shove and stay off the brakes when the car was only a short distance from the form, the foreman himself assumed the right to control the movement of the car, and thereby created a new danger which appellee, because of his inexperience, did not know how to avoid. We therefore conclude that it was for the jury to say whether the foreman in giving the order under the circumstances was guilty of negligence that contributed to the injury. Having this view of the case, it cannot be said that appellee's own negligence was the sole cause of the accident. Moreover, if the foreman was guilty of negligence, it cannot be said as a matter of law that appellee assumed the risk. In the first place a servant never assumes risks growing out of the master's negligence, unless he knows of the failure of duty and consequent danger, or the failure of duty and the danger therefrom are so obvious that an ordinarily prudent person in his situation would have observed the one and appreciated the other. Hines v. Cox, 192 Ky. 94, 232 S. W. 377. In the next place, a servant who acts under the direct orders of a superior does not assume the risk unless the danger is so obvious and imminent that no ordinarily prudent person would have undertaken the work. Siler v. Payne, 194 Ky. 618, 240 S. W. 353.

Appellee gave the following testimony as to his mental anguish:

"Q. Tell the jury about your state of mind while you were suffering pain, what was your state of mind? A.

Well, I didn't move, I had the same mind that I always have, I reckon. Q. Did you fear or have fears arise in your mind about blood poisoning, or anything? A. Yes, I thought of that, I thought it might set up blood poisoning. (To which counsel for defendant objected; overruled; exception.) Q. Did no thoughts of being crippled all your life arise in your mind? A. Yes, I was afraid I might have to have my hand taken off. (Defendant objected; overruled; exception.) Q. Did you have anguish over that? A. Yes, sir. Q. Now, Ben, tell the jury what was done with you and where you went after that? A. I went to the—to Doctor Bach's hospital at Jackson. Q. How long did you have to stay, or did you stay in the hospital? A. I don't remember just how long, but something like two weeks; I can't say exactly, but along there. Q. During that time how did it affect you, with regard to your hurt in your body and hurt in your mind? A. Well, I had bad pain, of course, with my hand. Q. Tell the jury some of your thoughts, if you know, that arose in your mind? A. Well, I thought I might have to have my hand taken off. (Defendant objected; overruled; exception.) Q. Did you or did you not suffer mental anguish over that? (Defendant objected.) A. If I understand mental anguish, I did."

While there is a contrariety of opinion on the question, it is the rule in this state that in an action for personal injuries one may testify to his mental suffering just as he may testify to his physical suffering. L. & N. R. R. Co. v. Brown, 127 Ky. 732, 116 S. W. 795, 13 L. R. A. (N. S.) 1135. It was not shown that appellee's hand became infected, or that the injury itself was such as might necessitate amputation. While some of the courts have gone to the extent of holding that the mental suffering for which a recovery may be had for a personal injury inflicted by the negligence of another may include the mental worry, distress, grief and mortification which may be shown to exist because of the injury, Merrill v. Los Angeles Gas & Elec. Co., 158 Cal. 499, 111 Pac. 534, 139 A. S. R. 134, 31 L. R. A. (N. S.) 559, we know of no case where the injured party has been permitted to magnify the damages by calling the attention of the jury to fears that were altogether groundless and never materialized. In view of the size of the verdict we conclude that the admission of the evidence referred to was prejudicial error.

As the case must be reversed on another ground, we deem it unnecessary to decide whether or not the verdict is excessive.

Judgment reversed and cause remanded for new trial consistent with this opinion.

Whole court sitting.