## York v. Rockcastle River Railway Company.

### (Decided June 1, 1926.)

### Appeal from Laurel Circuit Court.

1. Master and Servant—Law of Assumed Risk is Same Whether Action is under Common Law or Federal Statute.—Law of assumed risk is the same whether action for injury arises under the common law of the state or under federal statute, except where injury grows out of violation of some federal statute enacted for the safety of employees.

2. Master and Servant—Employee Assumes Risk of Injury by Steel Flying from Hammer Used for Driving Railroad Spikes.—An ordinary hammer used for driving railroad spikes is a simple tool, and danger of being struck and injured by piece of steel flying therefrom is ordinary risk which employee assumes.

3. Master and Servant—Employer is Not Liable for Injury by Defective Hammer Used by Employee Working Under Foreman's Assurance of Safety and Promise to Furnish Another.—Where section hand was using defective hammer for driving railroad spikes, when sliver flew therefrom and struck his eye, employer is not liable, notwithstanding employee was working under immediate direction of foreman and continued to work under assurance of safety and promise to furnish another hammer.

4. Master and Servant—Allegations as to Colaborer's Negligence in Striking Defective Hammer Held Insufficient to State Cause of Action (Federal Employers' Liability Act [U. S. Comp. Stats., Sections 8657, 8665]).—Allegations that colaborer, while assisting plaintiff, negligently struck defective hammer for driving railroad spikes used by plaintiff, thereby causing sliver to fly therefrom and strike plaintiff's eye, held insufficient to state cause of action under Federal Employers' Liability Act (U. S. Comp. Stats., section 8657, 8665) against employer; proximate cause of injury being defective condition of hammer, which risk plaintiff assumed.

LEWIS, BEGLEY & LEWIS for appellant.

L. C. LITTLE and H. C. CLAY for appellee.

Opinion of the Court by Judge Clay—Affirming.

The only question on this appeal is whether the petition was properly dismissed on demurrer.

The case is pleaded under the federal Employers' Liability Act, and, conceding that the facts stated are sufficient in that respect, it remains to determine whether the petition as amended states a cause of action. Briefly stated the averments of the petition are these: Plaintiff was employed by defendant as a section hand and was at work on its track and road bed. While at work, under the orders and directions of its section foreman, the defendant, its agents and servants negligently furnished plaintiff a dangerous, unsafe and unfit hammer with which to drive heavy iron railroad spikes into the railroad ties for the purpose of holding and securing the rails, and was negligently and carelessly ordered by defendant's foreman, agents and servants in charge of and directing the work to use said hammer for that purpose. Plaintiff did not know of the unsafe condition of the hammer, but the section foreman, knowing of its unsafe condition, directed plaintiff to continue the use thereof and stated that within a reasonable time he would furnish another hammer, but failed to do so. While exercising ordinary care for his own safety, and while he was driving spikes on one side of the rail and his colaborer, Delbert Griffin, was driving spikes on the other side and just opposite plaintiff, the said Griffin while acting under the orders of defendant's section foreman carelessly and negligently given, and while attempting to assist plaintiff to straighten a spike which he was attempting to drive, carelessly and negligently struck with his own hammer the hammer with which plaintiff was working, thereby causing a piece of steel or other metal to fly off said hammer and strike plaintiff in the right eye with such force as to penetrate the eyeball and destroy the sight.

The allegations of the amended petition are in substance as follows: Before the injury complained of plaintiff notified defendant's foreman that he believed that the hammer which he was then using was unsafe. Thereupon the foreman assured him that the hammer was not unsafe and ordered him to continue the work therewith, at the same time promising that he would within a few days furnish another and different hammer to plaintiff. Relying upon this promise, plaintiff con-

tinued to use the hammer until the injuries complained of occurred. After the assurances and promises thus given, and at a time when plaintiff was exercising ordinary care for his own safety, Delbert Griffin, a colaborer of plaintiff, while acting under the orders and directions of the foreman, and attempting to assist plaintiff in driving a spike, carelessly and negligently struck plaintiff's hammer with his own hammer with great force and violence, thereby causing a piece of steel or other metal to fly off plaintiff's hammer and strike plaintiff in the right eye, etc.

It is not claimed that the violation by the railroad company of any federal statute enacted for the safety of employees contributed to appellant's injury, and, with that exception, the law of assumed risk is the same whether the action arise under the common law of the state or under the federal statute. Seaboard Air Line Railway Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed 1062, L. R. A. 1915C 1, Ann. Cas. 1915B 475; Coons v. Louisville & N. R. Co., 185 Ky. 741, 215 S. W. 946. An ordinary hammer used for driving railroad spikes is a simple tool, and the danger of being struck and injured by a piece of steel flying therefrom is an ordinary risk which the servant assumes. Cin. N. O. & T. P. R. Co. v. Burton, 184 Ky. 2, 211 S. W. 186. Moreover, the rule protecting a servant who works under the immediate direction and supervision of the master, or continues to work under an assurance of safety or promise to repair, is not applicable so as to make the master liable. Stirling Coal & Coke Co. v. Fork, 141 Ky. 40, 131 S. W. 1030, 40 L. R. A. (N. S.) 837; Turkey Foot Lumber Co. v. Wilson , 182 Ky. 42, 206 S. W. 14; Donahue v. Louisville, H. & St. L. R. Co., 183 Ky. 608, 210 S. W. 491; Cin. N. O. & T. P. R. Co. v. Burton, *supra*. In view of these principles it is clear that no cause of action was stated, unless the situation was altered by the additional allegation of negligence on the part of appellant's colaborer. It is not a case where the colaborer's hammer came in contact with appellant's hammer when no such result was intended. Louisville & N. R. Co. v. Gayle, 204 Ky. 142, 263 S. W. 763. Nor is it a case where an inexperienced servant was injured by a sliver flying from a defective hammer being used by his foreman. Cin., N. O. & T. P. R. Co. v. Guinn, 163 Ky. 157, 173 S. W. 357. It is not clear from the pleadings whether the two employees were engaged in straightening a spike or driving

a spike, but, whether the one or the other, the case is simply one where appellant's colaborer intended to strike and did strike appellant's hammer which was placed for that purpose. Naturally, it was his duty to strike with such force as was reasonably necessary to accomplish the object in view. It is not alleged that he struck with unnecessary force. All that is alleged is that he negligently struck the hammer with great force and violence and such as to cause a sliver to fly off. He was not negligent merely because he struck with great force and violence, for that amount of force and violence may have been reasonably necessary. Nor was he negligent because he struck with such force and violence as to cause the sliver to fly off the hammer, for, if it be true that the hammer was defective, even a slight stroke may have been sufficient to produce that result. We are therefore constrained to hold that the allegations of negligence on the part of appellant's colaborer were not sufficient, and that the proximate cause of appellant's injury was the defective condition of the hammer, and therefore a risk which appellant assumed. It follows that the court did not err in sustaining the demurrer to the petition as amended.

Judgment affirmed.