## Norfolk & W. Ry. Co. v. Robinette.

(Decided Feb. 1, 1935.)

JOHNSON & HINTON for appellant.

ROSCOE VANOVER, E. J. PICKLESIMER and A. F. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Willie Robinette, filed this ordinary action in the Pike circuit court against the appellant and defendant below, Norfolk & Western Railway Company, seeking the recovery of a judgment against it for $2,540 as damages sustained by plaintiff as one of its employees while working as a section hand, and whereby he was burned and otherwise injured from handling creosoted ties. The petition as amended charged that plaintiff was unaware of the danger incident to handling creosoted ties, and that defendant was, or should have been, aware of such danger and failed to warn him of it. The trial court sustained a demurrer to the petition as so amended and dismissed it, which judgment we reversed in the case of Robinette v. Norfolk & Western Railway Co., 249 Ky. 93, 60 S. W. (2d) 344. After the filing of the mandate from this court, defendant's answer was filed, in which it denied all of the material allegations of the petition and also relied on assumed risk, contributory negligence, and a plea of limitation. Following pleadings made the issues and upon trial before a jury, it, under the instructions given by the court, returned a verdict in favor of plaintiff for the sum of $500, and from the judgment rendered thereon it prosecutes this appeal after its motion for a new trial was overruled.

A number of grounds were relied on in the motion for a new trial as constituting errors authorizing a reversal of the judgment, many of which are argued and pressed in brief filed by counsel for defendant, but we deem it necessary to only notice or discuss (1) that under the evidence plaintiff assumed the risk; (2) the verdict is excessive; and (3) it, in so far as it found that the action was not barred by the one-year statute of limitations, is flagrantly against the evidence; each of which will be disposed of in the order named. But, before doing so, a brief reference will be made to a

fourth argument, which is that plaintiff was not at the time, nor was he ever, in the employ of defendant. Aside from the testimony of plaintiff himself that one or more checks received by him in payment of his compensation was signed by defendant, the evidence is overwhelming that he was employed, and had been all the while, by a separate and independent corporation known as the Big Sandy & Cumberland Railroad Company, which owned and operated a narrow gauge railroad from some point in Pike county, Ky., to Devon in Virginia, at which latter point it connected with the tracks of defendant. Some time in 1928 or 1929 the latter company concluded to remodel its tracks by making it a regular gauged one, and cutting out some of the curves, and it was in the performance of that work in the year 1930 when plaintiff sustained his injuries; he having been employed by the Big Sandy & Cumberland Railroad Company as a section hand some time about the 1st of April of that year. After the indicated alterations were made in the track of the Big Sandy & Cumberland Railroad Company, it was taken over by the defendant and has been operated by it since then. The evidence is preponderating that the work in which plaintiff was engaged at the time was being performed by the Big Sandy & Cumberland Railroad Company and that it was his sole employer; but, inasmuch as the judgment must be reversed for the errors hereinafter considered, we·have concluded to pass this point without further discussion, and will proceed to a consideration of those enumerated above.

1. In our cited opinion rendered on the former appeal of this case we employed this language: ''The demurrer was sustained on the ground that Robinette assumed the risk. The doctrine of assumed risk proceeds on the theory that the servant has actual or implied notice of the risk. Hence, if the danger is known and appreciated by the servant, or is so obvious that a person of ordinary prudence in his situation would have known and appreciated it, he assumes the risk and no warning is required.'' Since the petition, the sufficiency of the allegations of which only was before us at that time, negatived such facts or knowledge on the part of plaintiff, we held' that the court erred in sustaining the demurrer filed thereto and in dismissing it. This appeal, however, discloses an entirely different situation. The uncontradicted proof for defendant is to the effect that from the time plaintiff

began work as an employee of his employer (whoever it may have been) he was largely engaged in handling creosoted ties which were being used in the changes referred to in the railroad track upon which we was working. He himself admits that he began handling them in July before the day upon which he claims to have received his injuries, and for which he seeks compensation (August 9, 1930), and that he had been burned a number of times before that day, and knew the effects of creosote when coming in contact with human flesh. It was also proved without contradiction that, when creosoted ties were first handled on that track, at least two of the superior officers of the employer (which the testimony shows was the Big Sandy & Cumberland Railroad Company) delivered an address to the employees who were to handle them, among whom was plaintiff, and in it they were warned of the danger in handling creosoted ties. At the same time they were furnished gloves and tongs by the use of which they would be relieved of coming in contact with the creosote on the ties in all or most of the occasions when they were handling them; but, whether the latter could be done in all instances or not, the fact of furnishing such appliances was itself a warning to plaintiff of the danger in handling them with his bare hands. In addition thereto, he was completely warned by the effects which had been previously produced upon him. He placed his injuries for which he sued as occurring on August 9, 1930, since he filed his action the last day in 1931 before it became barred from that date under the provisions of section 2516 of Carroll's Kentucky Statutes, 1930 Edition. He testified that he began work handling the creosoted ties on that day at 7 o'clock a. m., and that his flesh burned so much that by 9 o'clock he quit work; but he admitted that the same parts of his body that he claims were so burned on *that* day had been previously burned as a result of similar work. It will therefore be seen that it is extremely speculative, to say the least of it, as to whether his entire complained of injuries were produced on that day, or, if not, then what proportion of them were so produced.

The excerpt, supra, from our former opinion says that, if the servant has notice of the risk, or that it is ''so obvious that a person of ordinary prudence in his situation would have known and appreciated it, he assumes the risk and no warning is required.'' The face of the petition only, which was then being con-

sidered, averred that no such warning was given; but at the trial now under review it was clearly proven that it was given and which proof was not denied by defendant in giving his testimony. It is true that he stated that it was necessary on August 9th for him to handle the ties in the manner he did, since they were being loaded from a stack on the ground into a flat car which prevented him from using his tongs with which he had been furnished; but a number of witnesses who testified for defendant stated that in such circumstances the plan and usual method was to construct, out of some of the ties, a sort of skidding platform by which they could be hooked by those on the flat car who were superintending the stacking of them on it, and thus prevent the handling of them in the manner plaintiff and his other three companions did, and that testimony was not denied by plaintiff. We therefore conclude that the testimony in this case established the fact that plaintiff assumed the risk under the rule stated in our former opinion in this case, and which is the universally approved one by all courts. A feeble effort is made by plaintiff to avoid the consequences of the facts we have related by contending that the work was being performed in the presence of a superior and under his directions, but it fails to show that any directions were given him as to the method by which he should perform his work, and it is undeniably shown that no such releasing fact appears in this record. For this reason alone the court erred in not sustaining defendant's motion for a peremptory instruction in its favor.

2. Plaintiff, according to his own testimony was confined, as a result of his injury produced by the creosote with which he came in contact, for only about 30 days, and it is altogether speculative as to how much of that confinement was produced by the work alleged to have been performed by him on August 9, 1930, since under the statute, supra, other damages as a result of injuries sustained prior to that day were barred by the statute of limitations. He sought to show that a certain shortness of breath resulted from the burns alleged to have been sustained as a result of his two hours' work on that day, but the proof showed that his afflictions of that nature were due to a goiter that the physician witnesses testified was not produced from the effects of the creosote, but was a prior existing consequence from an entirely independent cause. After that 30 days' detention, plaintiff did other work, and

even returned to his old employment in the latter part of September, and worked until he was discharged for other causes than physical disability. No witness testified to any permanent injuries, nor did the court submit to the jury any such issue. We therefore conclude that the amount of the verdict was not supported by the testimony and is excessive.

3. In the records made at the time, and from day to day, by plaintiff's immediate superior, and which daily reports were copied into a permanent record kept by the employer, it is positively shown that the last day that plaintiff handled creosoted ties was on August 5, 1930, and he was not re-employed until the latter part of the month of September following. It is true that a physician to whom he applied for treatment on August 9 verified the date of that visit which plaintiff said was on the last day he worked and the one upon which he sustained the injuries sued for, and it is contended that the testimony of that professional witness corroborated that given by plaintiff. However, that argument is premised upon the accepted fact that plaintiff visited that witness on the day that he claims he was injured and to have ceased working at his job. There are circumstances in the case, besides the records to which we have referred, clearly indicating that the visit of plaintiff to that witness was not made on the same day he received his injuries, or any day in which he performed labor. We therefore conclude that the finding of the jury that plaintiff was injured on August 9, 1930, and not on a day prior thereto, was and is flagrantly against the evidence. The conclusions reached render further elaboration and discussion of the issues raised and argued in briefs unnecessary.

For the reasons stated, the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.