## Nashville, C., & St. L. Ry. Co. v. Cleaver.

(Decided June 24, 1938.)

**412**

WALTON WHITWELL, J. H. COLEMAN, JOE LANCASTER and W. H. SWIGGART for appellant.

WELLS OVERBY and R. H. HOOD for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appellee, Hoyt Cleaver, brought this suit for damages against the appellant, the Nashville, Chattanooga, & St. Louis Railway, under the Federal Employers' Liability Act, 45 U. S. C. A. section 51 et seq., upon its alleged negligence in failing to furnish a sufficient number of men to do the work in which he was engaged. The affirmative defense was assumption of risk. The appellant seeks to reverse a judgment for $1,500 rendered against it.

Cleaver was an experienced railroad bridge workman and at the time of the accident his crew was working on a bridge at Paris, Tennessee. There were four timbers, each weighing perhaps 1,200 pounds, to be moved about 15 feet and placed on a railroad push car. It was customary, according to the plaintiff's evidence, for six or eight men to handle these heavy timbers, but on this occasion the foreman directed Cleaver and three others to load them. Cleaver said to him, "They are too heavy for four," or "It is too heavy for four men; do you mean for us four men to lift them?" To this the foreman responded, "Oh, hell, go on, it will not hurt you; you are just going to load four." Relying upon his "foreman's superior knowledge" he went ahead with the task. While carrying the fourth timber, the plaintiff gave down under its weight and stumbled over a rail. He suffered a severe inguinal hernia. The foreman testified that Cleaver made no such protest, and, of course, that he gave no such direction. He further stated that the usual method of handling such heavy timbers was to roll them to the place of loading and not to carry them. But Cleaver is corroborated by one of his fellow workmen, and, for the purpose of testing the appellant's argument that it was entitled to a peremptory instruction, we, of course, consider only the evidence most favorable to appellee.

Except where there is involved the violation of

some federal statute enacted to promote the safety of employees, the defense of assumed risk is available and the law is the same whether the action arises under the common law of the state or under the Federal Employers' Liability Act. York v. Rockcastle River Railway Company, 215 Ky. 11, 284 S. W. 79; Seaboard Air Line Railway Company v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475.

The decision of this case rests on a distinction from general rules. To reach it we shall endeavor to chart the way through the involvements of the law of "assumed risk."

Fundamentally, an employee assumes the normal and ordinary risks of his employment, also the extraordinary risks, when they are so obvious that an ordinarily careful person in his situation would have observed them and appreciated the consequent danger. That is a voluntary assumption. Chesapeake & Ohio Railway Company v. De Atley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016, reversing Chesapeake & Ohio Railway Company v. De Atley, 159 Ky. 687, 167 S. W. 933, for a failure to give an offered instruction; Chesapeake & Ohio Railway Company v. Craig, 229 Ky. 365, 17 S. W. (2d) 224; Chesapeake & Ohio Railway Company v. Music, 243 Ky. 491, 49 S. W. (2d) 311; Chesapeake & Ohio Railway Company v. Howard's Adm'x, 244 Ky. 838, 51 S. W. (2d) 461, certiorari denied 287 U. S. 670, 53 S. Ct. 315, 77 L. Ed. 578; Royal Colleries Company v. Wells, 244 Ky. 303, 50 S. W. (2d) 948.

The servant does not assume the risks arising from insufficient or incompetent co-laborers unless his knowledge of the inadequacy or of their incompetency, actual or imputed, was equivalent to his own assumption of the danger incident to the task. Illinois Central Railway Company v. Langan, 116 Ky. 318, 76 S. W. 32, 25 Ky. Law Rep. 500; Lack Singletree Company v. Cherry, 166 Ky. 799, 179 S. W. 1071. Whether that or any other risk in a given case would have been assumed by the ordinarily prudent person is a question of fact to be determined by the jury unless the court is of the opinion that the circumstances made it so manifest, one way or the other, that reasonable minds could not differ, in which event the determination is one of law for the court. Illinois Central Railway Company v. Langan,

supra; Fuson v. New Bell Jellico Coal Company, 155 Ky. 96, 159 S. W. 619; Chesapeake & Ohio Railway Company v. Howard's Adm'x, supra; Norfolk & W. Railway Company v. Robinette, 257 Ky. 558, 78 S. W. (2d) 802.

There comes into use in reaching a decision in this case two correlated rules which in a degree qualify the general principle of assumption of risk, thus stated, in its relation to perceiving a risk of injury and appreciating its danger. Perhaps to speak more precisely it should be said that one rule lessens the responsibility of the servant and increases that of the master, and the other lessens the responsibility of the master and increases that of the servant.

The first of these rules is, generally, that when a workman acts under the command or threat of his employer (or, as here, a vice principal), he does not assume the risk incident to the act to be done or being done unless he certainly knows and appreciates the danger or it is so obvious or imminent that an ordinarily prudent man would not be willing to encounter it even under orders of one in authority over him; and usually this is a question for the jury. Louisville & Nashville Railroad Company v. Williams' Adm'r, 175 Ky. 679, 194 S. W. 920; Day's Adm'x v. South Covington & C. St. Railway Company, 185 Ky. 766, 768, 215 S. W. 944; Louisville & Nashville Railroad Company v. Davis, 199 Ky. 275, 250 S. W. 978. But if under those circumstances—where there is a direction or command—the peril is not so obvious, or it may be said that the means of knowledge of danger are equal, or that the acceptance of the risk is a matter of exercising judgment or discretion, then the workman may yield up his own opinion and rely upon his employer's presumed superior knowledge of the situation and probable consequences. It is an implied assurance of safety. If under such circumstances he proceeds with the task, performing it by the usual method, and is injured, he may recover damages of the employer if negligence appears, because having yielded up his own judgment to that of the master he is not chargeable with having assumed the risk, for it has been entirely assumed by the master. Risks incurred under coercion are not assumed. 39 C. J. 794, 797, 798; Cincinnati N. O. & T. P. Railway Company v. Jones' Adm'r, 171 Ky. 11, 186 S. W. 897, Ann. Cas. 1918E, 122; Illinois Central Railway Company v.

Langan, supra; Siler v. Payne, 194 Ky. 618, 240 S. W. 353; Southern Planing Mill v. Hebel, 167 Ky. 165, 180 S. W. 63; Jellico Coal Mining Company v. Helton, 157 Ky. 610, 163 S. W. 744, 745; Consolidation Coal Company v. Deskins, 178 Ky. 663, 199 S. W. 779; Borderland Coal Company v. Small, 160 Ky. 738, 170 S. W. 8; Dryden v. Pogue Distillery Company, 82 S. W. 262, 26 Ky. Law Rep. 528; Long's Adm'r v. Illinois Central Railway Company, 113 Ky. 806, 68 S. W. 1095, 24 Ky. Law Rep. 567, 58 L. R. A. 237, 101 Am. St. Rep. 374; Yellow Poplar Lumber Company v. Bartley, 164 Ky. 763, 176 S. W. 201.

Before adverting to the second rule qualifying the general doctrine of assumption of risk, we may note as of particular interest Illinois Central Railway Company v. Langan, supra. A gang of laborers were directed to move some heavy steel shafts. After they had moved some of the lighter ones they called upon their superior to give them assistance for handling the heavier ones because it was dangerous to undertake to carry them. The foreman exclaimed to appellee and others of the gang: "O, go on!" or something to that effect. In attempting to handle one of the heavier shafts it slipped or was dropped from the hands of the carriers and fell on appellee's foot, severely injuring it. In the course of the opinion the court quoted from Northern Pacific Railroad Company v. Herbert, 116 U. S. 642, 6 S. Ct. 590, 29 L. Ed. 755, as follows (page 593):

"The servant does not undertake to incur the risk arising from the want of sufficient and skillful co-laborers, or from defective machinery. * * * His contract implies that in regard to these matters his employer shall make adequate provision that no danger shall ensue to him."

Following that we wrote:

"Appellant's next point is that appellee was aware of the danger in his employment resulting in his injury at the time he undertook it, and that his continuing in this employment, with knowledge of the inadequate force, was equivalent to his own assumption of the danger incident to the task. This would be true if the danger was such an obvious one as that the injury was reasonably certain to result, so that none but a reckless man would have

undertaken it under the circumstances. We understand the rule on this subject to be that if the danger or risk is such that a prudent man would have refused to do the work under the circumstances because of the danger, then the servant will act at his peril in undertaking it. But where the probability of injury is such that the minds and judgments of prudent men might well differ upon the certainty of its happening or with regard to whether the force or appliances are reasonably safe or adequate to the performance of the task, and where the master insists, after objection, that the servant proceed with the work, or assures him that the force is adequate or the machinery safe, then the servant has a right to rely upon the master's presumed superior knowledge. The risk is thereby assumed entirely by the master, and he impliedly assures the servant, who relies upon his statement, or who obeys his positive direction, that if he, the master, is in error as to the safety, he will indemnify the obedient servant against the consequences. Shearman & Red Neg. 126; Clark v. Holmes, 7 Hurl. & N. 937; Snow v. Housatonic Railroad Co., 8 Allen [441] 450, 85 Am. Dec. 720; Conroy v. Vulcan Iron Works, 62 Mo. [35] 39.''

It was held the question of whether an ordinarily prudent man would have undertaken the job was properly submitted to the jury and a judgment for the plaintiff was affirmed. This case is distinguishable, for here the injury to appellee Cleaver was not caused by the dropping of the timber being carried by the other man but by his own physical exhaustion.

What we herein refer to as the second rule emanating from and qualifying the fundamental principle of assumption of risk is that, generally speaking, an employee is not entitled to recover damages of an employer for injuries received in consequence of straining or overtaxing himself in lifting heavy objects in the service, since it is reasoned there is no room for a difference of opinion as the workman is the better judge of his own strength or lifting capacity, and he accepts the risk of injuring himself by overexertion. Sandy Valley & Elkhorn Railway Company v. Tackitt, 167 Ky. 756, 181 S. W. 349, L. R. A. 1916D, 445; Cumberland Pipe Line Company v. Strong, 175 Ky. 838, 194 S. W. 1036; Harris v. Cincinnati N. O. & T. P. Railway Com-

pany, 176 Ky. 846, 197 S. W. 464; Williams v. Kentucky River Power Company, 179 Ky. 577, 200 S. W. 946, 10 A. L. R. 1396; Ray v. United Elkhorn Coal Company, 244 Ky. 417, 51 S. W. (2d) 248. Concerning this rule and its application to a servant whose health was seriously injured by overexertion or over-heating while performing his work, we wrote in Louisville & Nashville Railroad Company v. Sawyers, 169 Ky. 671, 184 S. W. 1123, 1124:

"It is a pathetic thing to see a trusted employee, who has faithfully toiled in the service of his employer until he has reached the limit of his physical endurance, cast adrift; but until there has been a revolution in our whole industrial system such things must be. It is an inexorable decree of nature that worn-out things, no matter what may have been their value in the past, shall be cast aside. The only safe and practical rule is that each man is the best judge of his own physical strength and powers of endurance; that he knows better than any other can when the limit has been reached, and when, in following his own instinct of self-preservation, he must desist and exercise his right under the law to give up his work if it is more than he can stand."

However, there is an exception to this rule which leads back to that pertaining to assurances or commands of the master. Where the workman acts under an order in an emergency for the purpose of preventing probable loss of life and property, or without opportunity to deliberate, or time to consider the danger to himself, the rule does not apply. Stewart Dry Goods Company v. Boone, 175 Ky. 271, 194 S. W. 103.

In the case at bar we have a specific and emphatic command of the master to the servant to perform a task involving a test of his physical powers, but no emergency, so that it may be said that there is something of a conflict between the two qualifying rules of the general principle of assumption of risk above stated. Is it to be said that where a servant is ordered, over his protest of insufficient man power, to lift some object not obviously impossible and his will to obey overcomes his discretion and he proceeds to his hurt, that the second rule shall prevail over the first? Or is it to be said that under such circumstances the court

should, as a matter of law, hold that a workman may not in any instance surrender his own judgment and rely upon his foreman's expressed assurance of safety so that the question should not be submitted to the jury whether or not an ordinarily prudent man of the plaintiff's experience would have undertaken the job?

One placed in the position of this plaintiff may be in a dilemma. If he refuses to obey he may lose his job for insubordination. If he obeys he may suffer serious or destructive physical injury without having a legal recourse. It is to be borne in mind in such a case that there is involved the man's own physical strength—not that of his co-laborer. The standard of measurement of what the ordinarily prudent man would do is not applicable, for the individual knows the degree of his strength and he himself must determine his own action. It is his to make the choice and whichever choice he makes is conclusive. If, after he has opportunity to consider, he yields up his own judgment in order to obey the specific command of his boss, the law declares that he assumes all responsibility of injury and suffers the consequences. Thus in Williams v. Kentucky River Power Company, supra, the appellant suffered a hernia while carrying a plank beyond his strength. He had protested and the foreman saying he would "pick it up" showed that it was not too heavy for one man to carry. In affirming a judgment on a peremptory instruction for the defendant, the court said (200 S. W. page 947):

> "Certainly whatever statement was made or act done by the foreman amounted to nothing more than the mere expression of his opinion; but if it were conceded that what he said or did amounted to a command to the appellant to proceed with the work as directed, it would not have authorized the appellant, if he found himself unequal to the task of removing a single plank at a time, to continue in the work until he was injured by overtaxing his strength to such an extent as to cause the injuries sustained by him. It is the general rule that a servant is the best judge of his own physical strength, and in the absence of coercion compelling him to overtax that strength, it is his duty not to overtax it."

Ehrenberger v. Chicago, R. I. & P. Railway Com-

pany, 182 Iowa 1339, 166 N. W. 735, 10 A. L. R. 1388, and other cases digested in the annotations are of like effect. See, also, 18 R. C. L. 703; 39 C. J. 800; Sandy Valley & Elkhorn Railway Company v. Tackitt, supra; Cumberland Pipe Line Company v. Strong, 175 Ky. 838, 194 S. W. 1036; Tosh v. Illinois Central Railway Co., 204 Ky. 363, 264 S. W. 754.

In the instant case if a co-worker had fallen or permitted the timber to drop, or if there had been a spontaneous response in an emergency requiring hasty action without time for deliberation, or if there had been involved a defective tool or unsafe working place, we would have a different case. Though the employee's will to serve was stronger than his power to serve, it is the latter factor that controls, and the command or assurance of the master is immaterial. Under the law the master is absolved of liability.

The court is of opinion, therefore, that a peremptory instruction for the defendant should have been given.

Judgment reversed.

Whole court sitting, except Clay, J.

Perry and Ratliff, JJ., dissenting.