## Thomas v. National Concrete Construction Company.

(Decided November 3, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas No. 2).

1.   Master and Servant—Simple Tool Doctrine.—The simple tool doctrine does not apply in the case of an ordinary bucket which is used as a part of a hoisting apparatus being operated by another employee.

2. Master and Servant—Unsafe Appliances—Res Ipsa Loquitur.—In an action by a servant against his master for damages for personal injuries, the mere breaking of the handle of a bucket, which was being used as part of the hoisting apparatus, is not sufficient to make out a prima facie case of negligence, in the absence of attendant circumstances tending to show that the accident was caused by a defective or insuffcient bucket and such condition was known, or could, by the exercise of ordinary care, have been known by the master.

3. Master and Servant—Evidence—Sufficiency.—In an action for damages for personal injuries, evidence examined and held insufficient to take the case to the jury.

4. Master and Servant—Assurance of Safety—Effect of.—An assurance of safety does not impose upon the master absolute liability, regardless of the question of negligence. It bears only on the question of assumed risk, or of contributory negligence, and where the master is negligent, renders such pleas ineffective to prevent a recovery, unless the danger is so obvious that an ordinarily prudent person would refuse to do the work.

S. A. ANDERSON and J. J. KAVANAUGH for appellant.

GIBSON & CRAWFORD and J. JOS. HETTINGER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

In this action for damages by plaintiff, John Thomas, against the National Concrete Construction Company, the trial court, at the conclusion of plaintiff's evidence, directed a verdict in favor of defendant. Plaintiff appeals.

The facts are as follows: On April 4th, 1911, the defendant was engaged in doing certain concrete work on a building at Fourth and Walnut streets in Louisville. Prior to the accident plaintiff had been employed by defendant as a laborer and was engaged in wheeling sand and gravel. On the day of the accident, defendant's foreman placed him at work filling buckets with concrete, which were being hoisted to the third floor of the building. For this purpose two buckets were used, each attached to the end of a rope, and as one filled with concrete was being hoisted the empty bucket at the other end of the rope would be lowered to be refilled. As one of the buckets was being hoisted, the bail or handle broke and the bucket fell on plaintiff's head and injured him. The buckets which were being used were "brand new" galvanized iron buckets, which had been purchased the day

before. Plaintiff testifies that he had been engaged in concrete work for a number of years. On the occasion in question he believed that the work of filling the buckets was dangerous, but he feared that if he did not do the work he would lose his place. He further says that the foreman told him that he had examined the buckets and they were all right. He was unable to tell what caused the bail to break. James Thompson, who, at the time of the accident, was engaged in pulling up the buckets which plaintiff filled, says that the foreman just before the accident fixed one of the buckets, and he heard the foreman say that the buckets were all right. On being asked what caused the bail to break, he replied that the bucket must have been too heavily loaded. John H. Johnson, another employee who was present, says that he heard the foreman tell plaintiff that the bucket was all right.

In his petition plaintiff charges that the bucket and bail thereon had become old and worn and out of repair and in a dangerous and defective condition, and that this condition was known to the defendant, or could have been known by the exercise of ordinary care. He further alleges that defendant assured plaintiff that the buckets and bails were in safe condition and that plaintiff relied on such assurance, and that the danger attending his employment was not obvious.

We are not disposed to the view that a recovery cannot be had because the bucket which injured the plaintiff was a simple tool. It might be so regarded had it been used in the ordinary and usual way, that is, if the plaintiff had been engaged in carrying the bucket at the time. As a matter of fact, however, the bucket was being used as a part of the hoisting apparatus, which was being operated by another employee. In view of these circumstances, we conclude that the simple tool doctrine has no application.

It remains to consider, however, whether there is any evidence of negligence on the part of the defendant. Though plaintiff alleges that the bucket was worn and defective, there is not only an absolute failure of proof on this point, but the evidence shows that the buckets were "brand new" buckets. Nor is there any evidence that the buckets were not of sufficient strength for the purpose for which they were being used, the proof showing that they were the kind ordinarily used for hoisting purposes. Indeed, the only evidence as to the cause of the accident

is the statement of one of the witnesses to the effect that the bucket was probably too heavily loaded, and the loading was being done by plaintiff. Is the mere fact that the bail broke sufficient evidence of negligence? While the doctrine of *res ipsa loquitur* applies in a case of master and servant, its application is in a more restricted sense than in a case of carrier and passenger because of the difference in the degree of care imposed and in the character of defenses that may be made. Therefore, it is generally held in a case of master and servant that the inference of negligence is deducible, not from the mere happening of the accident, but from the attending circumstances. Consequently, the mere breaking of a piece of apparatus is not of itself sufficient to make out a *prima facie* case. The attendant circumstances must show that the apparatus was defective and that this fact was known to the master, or could have been known to him, by the exercise of ordinary care. Lile v. Louisville Railway Company, 161 Ky., 347. Nor is the question affected by the assurance of safety. An assurance of safety does not impose upon the master absolute liability, regardless of the question of negligence. It bears only on the question of assumed risk, or of contributory negligence, and where the master is negligent, renders such pleas ineffective to prevent a recovery, unless the danger is so obvious that an ordinarily prudent person would refuse to do the work. There being no evidence of negligence, the peremptory instruction was proper.

Judgment affirmed.