## Lucas Land & Lumber Company v. Cook's Administrator.

(Decided November 9, 1915.)

### Appeal from McCracken Circuit Court.

1. Negligence.—Negligence will not be presumed; it must be alleged and proved.
2. Negligence—Proximate Cause.—In order to establish the proximate cause of an injury, it is necessary that a causal connection be shown between the negligent act and the injury; the act must have been the cause which produced the injury.
3. Negligence—What Not Proximate Cause of Accident.—Where a sawyer in a saw mill undertook to remove a log which had been placed by another employee so as to interfere with his sawing operations, and was struck by the end of the log and thrown against the saw and killed, the leaving of the log in its original position of interference was not the proximate cause of the sawyer's death.

WHEELER & HUGHES and BERRY & GRASSHAM for appellant.

HENDRICK & NICHOLS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

This is an appeal from a judgment of the McCracken Circuit Court which awarded the appellee, as the administrator of the estate of W. H. Cook, deceased, the sum of $8,500 damages against the appellant, for having negligently caused the death of said Cook.

The petition charges that Cook came to his death, (1) by reason of the gross negligence and carelessness of the other employes of appellant, who were laboring in a different line of employment from Cook; (2) from the defective machinery and appliances with which he was

working; and (3) from the appellant's failure to provide Cook with a reasonably safe place within which to do his work.

Henry Schnuck, appellant's foreman, was also made a defendant; but he was relieved of all blame by a peremptory instruction given by the court at the conclusion of the evidence.

For a reversal appellant insists there was no evidence of negligence upon the part of the appellant; that Cook's death was caused solely by his own negligence, and, consequently, that its motion for an instruction peremptorily directing the jury to find for the defendant should have been sustained.

The testimony is quite vague and fragmentary in many essential particulars; but, as we read it, the following facts appear:

Appellant's mill is located on the bank of the Tennessee River, at Paducah, and Cook had worked as sawyer in the mill for quite a while. The logs which he handled were cut by a belt saw. The logs were brought up into the mill from the river on a log-car, which was pulled along a track with a cable that coiled around a large drum, or "bull-wheel," in the mill, which was operated by steam power. When Cook was engaged in sawing a log, and in his regular position, the saw was at his right side, and a little in front of him. And, running along in front of him, on a track, was the saw-carriage, which was operated by steam, and controlled by a lever at Cook's right hand. At his left side were the "skids," or "skidway," a slightly sloping platform on which the logs were placed before being rolled on to the carriage for the sawyer. Behind the skidway, on a track parallel to the track on which the saw-carriage moved, the log-car above mentioned brought the logs up from the river; and, when the logs reached the mill, they would be rolled off on the skidway.

Between Cook and the saw machinery at his right there was a wooden partition. The saw-carriage was propelled by steam, at a rapid speed, along a steel track, and was used to convey the logs to and from the steel belt saw that sawed them into lumber. In front of Cook and within his reach there were two levers and a foot tread. With the foot tread he threw the logs from the skidway on to the saw-carriage; with one of the levers he operated what is called the "nigger-head," which was

used to adjust the log after it had been thrown onto the saw-carriage; and, he used the other lever, as above stated, to control the movements of the saw-carriage along the track in front of him.

Upon the occasion of the accident the log-car had been pulled up from the river with a load of logs, and when it entered the mill, the end of one of the logs on the car struck the end of a log lying on the skidway, and knocked or pushed it about three feet out of its original position, and so as to interfere with Cook's operations as sawyer. One end of this log was off the skidway and rested against the wooden partition · which separated Cook from the saw machinery.

When Cook discovered this danger, he motioned to one or more of the employes, directing them to place a. chain around the log in order to drag it back to its proper place on the skidway. This chain was attached to a pulley overhead. After the chain had been attached to the log, Cook took a stick and attempted to press or push the end of the log with it, or, perhaps, to hold the end in position. But when the power was applied to the chain pulley under Cook's signals and directions, the end of the log nearest him swung round, struck the unlocked lever which controlled the saw-carriage, pushed against the stick Cook was using, and caused him to step back and place one foot in the track along which the carriage passed, or in some way, to get in the path of the carriage. The log evidently struck Cook and the lever about the same time, knocking Cook on to the carriage and causing the lever to release the saw-carriage and start it forward at a rapid speed towards the saw, which was running at full speed. Cook was carried against the saw, and so badly mangled that he died in a few minutes thereafter.

To sustain the charge of negligence, appellee insists. that the place where Cook was doing his work was un-- protected; that there was nothing between the place where Cook was required to stand and the skidway, except a post about eighteen inches high and about ten feet to his rear, which afforded him practically no protection from the logs on the skidway. This fact, in connection with the act of another employe in hauling the log from the river so as to strike the end of the other log and throw it out of position on the skidway, consti--

tute practically all the acts of negligence charged against the appellant.

It further appears that the lever which controlled the saw-carriage was left unlocked by Cook when he attempted to have the log removed, and that it was the practice, if not the duty, of the sawyer to lock the lever whenever he left it beyond his reach or control.

From a careful reading of all the evidence, we are clearly of opinion that it not only fails to show any defective appliances, or other facts tending to prove that appellant was negligent, but it shows beyond question that whatever was done at the time of the accident was either actually done, or supervised and directed, by Cook. He was in charge of the sawing operations, and the proof of the appellee shows that Cook initiated the movement which resulted in his death. The act of the man in charge of the log-car in permitting the log on the car to strike the end of another log lying on the skidway and knock it out of place was not the proximate cause of Cook's death. It might have remained in that position on the skidway indefinitely without causing injury to anyone, if Cook had not attempted to remove it. In order to establish proximate cause it is necessary that a causal connection be shown between the negligent act and the injury. The act must have been the cause which produced the injury. The injury was caused, in this case, by the independent and subsequent act of Cook.

Moreover, all the work done in the mill in connection with the placing of logs was necessarily done with a view of placing the logs where the sawyer could handle them; and the proof clearly shows that the men working with Cook obeyed his signals or spoken orders to accomplish that purpose. See Red River Lumber Co. v. Newkirk, 12 Ky. L. R., 635.

The claim that appellant failed to furnish Cook with a reasonably safe place in which to do his work is not sustained by the proof. On the contrary, the proof shows that appellant's mill was built in the way that sawmills are usually and generally built, and contained no dangerous places beyond such as are necessarily found in all sawmills. It is impossible to avoid the conclusion that the one controlling act that caused this unfortunate accident to Cook was his act in attempting to remove the log.

This court has repeatedly held, in conformity with the weight of authority generally, that negligence will not be presumed; it must be alleged and proved. 25 Cyc., 1446; Johnston's Admr. v. East Tennessee, Virginia & Georgia Ry. Co., 17 Ky. L. R., 67, 30 S. W., 415; L. & N. R. Co. v. McGary's Admr., 104 Ky., 509; Vissman v. Southern Ry. Co., 28 Ky. L. R., 429, 89 S. W., 502, 2 L. R. A. (N. S.), 469; Reliance Textile Works v. Williams, 136 Ky., 579.

We conclude, therefore, as was aptly said in Louisville Gas Co. v. Kaufman-Straus & Co., 105 Ky., 158, that the evidence is not sufficient to authorize a judgment transferring the money or property of the defendant to the possession and profit of the plaintiff; and that the circuit court should have sustained appellant's motion for a peremptory instruction directing the jury to find for the defendant.

Judgment reversed.