## Hartung v. Ten Broeck Tyre Company.

(Decided January 11, 1917.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

Master and Servant—Injury to Servant—Presumption—Res Ipsa Loquitur.—The doctrine of res ipsa loquitur applies only in a restricted sense to master and servant cases, and negligence on the part of the master will not be presumed from the mere fact that a weight attached to a lever by means of a set screw became loose; there being nothing in the surrounding circumstances to show such a defective or unsafe condition of the machinery as would have been revealed by a proper inspection on the part of the master.

D. MOXLEY for appellant.

O'NEAL & O'NEAL and C. H. SEARCY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Leonard Hartung, who was injured while in the employ of the Ten Broeck Tyre Company, brought this suit against the company to recover damages. The trial court directed a verdict in favor of the defendant and plaintiff appeals.

The only question involved is whether there was sufficient evidence of negligence to take the case to the jury.

The accident happened under the following circumstances: Plaintiff had been in defendant's employ for several months. For about four months next preceding the accident he had been working on a vulcanizing machine, with Charles A. Campbell as his foreman and James Brown as his superintendent. The vulcanizer is

a large kettle covered by a cast iron lid. Two men were required to open the vulcanizer, one to lift the lid in front and the other to press down the lever attached to the lid in the rear. This lever extended about three feet back of the vulcanizer. A large weight was attached to the end of the lever and held in place by means of a set screw. On the occasion of the injury Campbell was engaged in lifting the lid, while plaintiff was engaged in pressing down the lever. According to plaintiff's evidence, he caught hold of the weight and pressed it on until it reached a point about four inches from the floor. Thereupon the weight came off and the lever flew up and struck him in the breast and injured him. Plaintiff says that he was a common laborer and it was no part of his duty to keep the machine in order. What caused the weight to come off he did not know. He had operated the lever several hundred times before that and had seen nothing the matter with it. Indeed he had operated the lever about a half-hour before the accident and at that time it worked all right. W. A. Fegenbush, who was the chief engineer of the company, explained the operation of the vulcanizer and the manner in which the weight was attached to the lever. While the company had no particular system of inspection that he knew of, he had placed the set screw and had examined it several times since it was placed. It was the operator's duty to report when repairs were needed and witness then made the repairs. When the accident happened the machine was a little over six months old. He had frequently passed by the machine and had seen nothing the matter with it. The set screw might have been loosened the very time plaintiff was operating the lever, and the fact that the weight remained on the lever until within four inches of the floor showed that the set screw was tight and was holding the weight thereon up to that time.

While it is the rule in this state that the doctrine of *res ipsa loquitur* applies to a case of master and servant, it does not apply with the same fullness and weight as in cases where the relation of master and servant does not exist. The master is not required to furnish the servant absolutely safe appliances with which to work. He discharges the full measure of his duty when he exercises ordinary care to furnish appliances which are reasonably safe. When, therefore,

the servant seeks to recover for injury growing out of defective or unsafe appliances, the mere fact that a piece of machinery breaks or comes apart is not of itself sufficient to make out a *prima facie* case against the master. It must further appear that the master knew of the defective or unsafe condition of the machinery, or could have known of it by the exercise of ordinary care. Hence, it is generally held, in the case of master and servant, that the inference of negligence is deducible, not from the mere happening of the accident, but from the attending circumstances. If, therefore, the attending circumstances are such as to show that the defective or unsafe condition of the machinery was such as would have been revealed by a reasonable inspection, proof of the accident and of such circumstances is sufficient to take the case to the jury. Lile v. Louisville Railway Company, 161 Ky. 347, 170 S. W. 936; Thomas v. National Concrete Const. Co., 166 Ky. 512, 179 S. W. 439; B. & O. R. R. Co. v. Smith, 169 Ky. 593, 184 S. W. 1108; Shinn Glove Company v. Sanders, 147 Ky. 349, 144 S. W. 11; Huddleston's Admr. v. Straight Creek Coal & Coke Company, 138 Ky. 506, 128 S. W. 589. In the present case the plaintiff was himself in charge of the vulcanizer by which he was injured. He himself had not only operated the lever several hundred times, but had operated it the very morning of, and a short time before, the accident. He admits that during all that time the lever operated all right and he saw nothing wrong with it. In answer to the question, "And clear up to the moment the accident occurred, as you bore down on this weight, you noticed nothing wrong with the set screw or machine?" he said: "I knew there was nothing the matter with it." Not only so, but the uncontradicted evidence further shows that the set screw may have become loosened by plaintiff's bearing down on the weight at the very time the accident occurred. Hence, we have a case where the attending circumstances offered in evidence not only fail to show such a defective or unsafe condition of the machinery as would have been revealed by proper inspection, but tends strongly to establish the contrary. In our opinion, there was not sufficient evidence of negligence on the part of the defendant to take the case to the jury.

Judgment affirmed.