## Ashland Supply Company v. Webb.

(Decided November 28, 1924.)

### Appeal from Boyd Circuit Court.

1. Master and Servant—Evidence of Subsequent Repair of Machine Causing Injury Held Inadmissible.—In servant's action for injuries when tamper in machine used in making cement blocks fell on his thumb, evidence that a set screw in machine was subsequently repaired should not have been admitted, where evidence failed to disclose just what caused tamper to fall.

2. Master and Servant—Defendant Entitled to Peremptory Instruction, where there is no Evidence of Negligence.—In servant's action for injuries when tamper in machine used in making cement blocks fell on his thumb, defendant was entitled to a peremptory instruction, where there was no evidence of any negligence upon its part.

3. Master and Servant—Doctrine of Res Ipsa Loquitur Applicable Only where Evidence Shows Accident Necessarily Result of Defective Condition.—Doctrine of res ipsa loquitur is applicable only where evidence shows accident is necessarily result of defective conditions and can be explained upon no other reasonable hypothesis.

4. Negligence—Negligence Must be Proved.—Negligence must not only be pleaded by complainant but must also be proved, and is never presumed.

J. F. STEWART for appellant.

W. D. O'NEAL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant by this appeal seeks to reverse a judgment of $500.00 obtained against it by appellee for an injury to his left thumb. In December, 1921, the appellee and his brother-in-law, Fred Walters, were engaged in making concrete blocks for appellant. They were employed by the piece and received .024 per block, the appellant furnishing the material and the machine

for their use. There is a part of this machine used in making these blocks that is known as the "tamper." The method used consists in first raising the tamper until it is caught and held by the machine, then a piece of wood, called the "pallet," is put in the machine; next the machine is filled with the material from which the blocks are made, and after that is done, the tamper is released and used to tamp and press the material into the forms.

At the time he was injured the appellee had raised this tamper and was putting the pallet into the machine when the tamper fell and mashed the end of his thumb so that it was necessary to amputate a small portion thereof.

The evidence failed to disclose just what caused this tamper to fall. It might have fallen because it had not been pushed up and securely caught; it might have fallen because by some means, the appellee struck the trigger and released the tamper, or it might have fallen as a result of some defect in the machine. The machine in question was a new one and had been used but a short time. Neither the appellee nor any of his witnesses were able to point out any defect that then existed in the machine.

It is true that they showed that some time after that one of the set screws in this machine had to be replaced. The threads were stripped on this set screw, and this appeared to have been recently done. The machine was carried to its manufacturer, and he made a new set screw, but during the trial this set screw was entirely removed, and several witnesses attempted by shaking and jarring the machine to make the tamper fall, but they were unable to do so. This evidence of subsequent repair to the machine should not have been admitted. L. & N. R. R. Co. v. Scott's Admr., 188 Ky. 99, 220 S. W. 1066; L. & N. R. R. Co. v. Morton, 121 Ky. 398, 89 S. W. 243, 28 Ky. Law Reporter 355; Fluehart Collieries Co. v. Elam, 151 Ky. 47, 151 S. W. 34.

There are two reasons why evidence of subsequent repair should not be admitted. One is that while it may be necessary to subsequently repair the appliance, it doesn't follow from that that the appliance was defective at the time of the accident. The other reason is that if such evidence were admitted it would have a tendency to cause employers to omit making needed repairs for fear that the precaution thus taken by them could

be used as evidence against them. As there was no evidence of any negligence upon the part of the appellant, its motion for peremptory instruction to find for it should have been sustained. C., N. O. & T. P. Ry. Co. v. Rue, 142 Ky. 694, 134 S. W. 1144, 34 L. R. A. (N. S.) 200; Bell's Admrx. v. C. & O. R. Co., 161 Ky. 466, 170 S. W. 1180; Fugate v. City of Somerset, 97 Ky. 48, 29 S. W. 970.

If there were no other possible way to account for this tamper's falling except to say that it was a result of some defect in the machine, then the appellee might be entitled to recover upon the doctrine of *res ipsa loquitur*. L. & N. R. R. Co. v. Campbell's Admr., 186 Ky. 628, 217 S. W. 687.

However, this doctrine is seldom applied in cases between master and servant, and is only applicable where the evidence shows the accident is necessarily the result of defective conditions, and can be explained upon no other reasonable hypothesis. L. & N. R. R. Co. v. Allen's Admr., 174 Ky. 736, 192 S. W. 863. In the case of Hartung v. Ten Broeck Tyre Co., 173 Ky. 155, 190 S. W. 677, the jury was instructed peremptorily to find for the defendant, and that case was affirmed by this court. To us it seems that the appellant in this case was in even a better position than was the defendant in that case.

Negligence must not only be pleaded by the complainant, but it must also be proved. It is never presumed. Hughes v. C., N. O. & T. P. Ry. Co., 91 Ky. 526, 16 S. W. 275, 13 Ky. L. R. 72; Lucas Land & Lumber Co. v. Cook's Admr., 166 Ky. 584, 179 S. W. 582; Johnson v. M. & O. Ry. Co., 178 Ky. 108, 198 S. W. 538.

The judgment is reversed and this cause remanded for further proceedings consistent with this opinion.