# Louisville & Nashville Railroad Company v. Rowland's Administrator.

(Decided April 30, 1926.)

## Appeal from Lee Circuit Court.

1. Witnesses—Testimony of Deceased's Husband and Administrator and Daughters as to What She Said About Injury Held Inadmissible.—In death action against railroad, testimony of deceased's husband and administrator and daughters as to what she said about the injury held inadmissible, since they were interested parties, and testifying for themselves.

2. Appeal and Error—Where Court has Ruled Certain Evidence Admissible, and Proper Exceptions have been Reserved, Further

Objection to Same Line of Interrogation is Not Required.—Where court has ruled certain evidence admissible, and proper exceptions have been reserved, further objection to same line of interrogation is not required to save question for consideration on appeal.

3. Carriers.—Evidence of changes made in station platform after an accident to a passenger who slipped and fell in attempting to board a train held inadmissible.

4. Evidence.—In death action against railroad, statements of deceased concerning accident made to doctor several hours after it occurred held inadmissible.

5. Evidence—Deceased's Statement that She "Fell and Almost Killed Herself," Made Immediately After Accident, Held Competent.— Where deceased fell on station platform, her statement that "I fell and almost killed myself," made immediately after accident, held competent.

6. Evidence.—Law presumes that admission or declaration made by party against his interest is true.

7. Evidence—Railroad Should be Allowed, in Death Action to Show, as Statement Against Interest, that Deceased who Fell on Station Platform Recognized Weakness of Her Heart, where Death Certificate Showed that Heart Disease Caused Death.—In death action against railroad, where deceased fell on station platform, defendant should be allowed to show, as statement against interest, that deceased had recognized weakness of her heart, where death certificate gave cause of death as heart disease.

8. Carriers—Where Decedent Fell on Station Platform in Attempting to Board Train, Evidence as to Box Cars Standing on House Track which did Not Contribute to Injury Held Improper.—In death action against railroad, where decedent fell on station platform in attempting to board train, evidence as to box cars standing on house track which did not contribute to injury held improper.

9. Death—Evidence of Suffering of Deceased Held Inadmissible.— Evidence of pain and suffering held inadmissible in action for death, since action for pain and suffering cannot be joined with death action.

HUNT, NORTHCUTT & BUSH, ROSE & STAMPER, CHAS. S. LANDRUM, ASHBY M. WARREN and WOODWARD, WARFIELD & HOBSON for appellant.

J. MOTT McDANIEL, J. K. ROBERTS and BEATTY & BEATTY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Ira Rowland, as administrator of Martha Rowland, deceased (his wife), recovered a judgment against the appellant for $15,000.00, to reverse which this appeal is prosecuted. On June 10, 1924, Martha Rowland and her

daughter, Ruby, purchased tickets at Heidelberg, Kentucky, for passage on defendant's passenger train to Beattyville, Kentucky. When the train reached Heidelberg a torrential rain was falling. The passengers' on the train who expected to alight at that station made all possible haste to leave the train and get shelter in the station, while those expecting to board the train were in equal haste to get aboard. Naturally, the depot platform and train steps were wet and slippery. Either because of her haste to get on the train and out of the rain, or because the steps of the train were too high, Mrs. Rowland slipped, so it is claimed, as she went up the steps, fell and received injuries which, it is claimed, resulted in her death. She made no complaint to the conductor when he took up her ticket, or to any of the other trainmen. Several other ladies boarded the train at this same station and rode with Mrs. Rowland to Beattyville. Two of these were close behind Mrs. Rowland as she boarded the train, and neither of them saw her fall. Her daughter, Ruby Rowland, who made the trip with her, is the only living eye-witness to the fall, so far as known. The train was standing perfectly still. There was no claim of any jerk or movement of the train. Mrs. Rowland made the trip to Beattyville, spent the day there, and returned that night. Upon her return she took to her bed, and from that time until her death on August 8, 1924, she spent most of her time in bed. On August 3, her husband decided to take her to a hospital in Lexington. She made this trip on a cot in the baggage car. From the depot in Lexington she was taken to the hospital in an ambulance. Unable to procure the services of the doctor she desired at Lexington, on the next day her husband took her to Richmond in an automobile. She remained in the hospital in Richmond from Monday, the 4th, until her death on the following Friday. The cause of her death, as stated in the death certificate, was "Mitral insufficiency—heart disease." By section 2068a-21, Kentucky Statutes, the certified copy of this death certificate made by the state registrar of vital statistics is made *prima facie* evidence of the cause of her death. The plaintiff must overcome this by evidence in order to prevail.

The defendant sought a new trial for several reasons which we shall discuss. Its first complaint is that the verdict is excessive, and its second is that it is not sustained by sufficient evidence; but in view of the conclus-

ions we have reached, we shall not discuss nor pass upon either of these grounds, and they are expressly reserved.

Defendant objected to the evidence of Ira Rowland, the husband and administrator of Mrs. Rowland, and to the evidence of Ruby Rowland, her daughter. This objection was erroneously overruled, as both of these parties were interested in this recovery. They were testifying for themselves, and their evidence should, therefore, not have been admitted. See Combs v. Roark, 206 Ky. 454, 267 S. W. 210. For the same reason, Mrs. Pearl Davis, another daughter of Mrs. Rowland, should not have been permitted to testify to what her mother said to her in her presence about this injury. It is suggested that no objection was offered to this particular question, but in the case of C., N. O. & T. P. R. Co. v. Bennett, 134 Ky. 19, 119 S. W. 181, we said:

> "When objection is once made, and overruled, as to a line of examination, it is not necessary to repeat it whenever it recurs. It may be assumed that the court will adhere to the ruling, and, indeed, that he does so in fact as well as in effect until the ruling is withdrawn. When the defendant's objection to the testimony of the plaintiff as to the particular injury now being considered was overruled, and its exception noted, it was not necessary for defendant to repeat the objection every time the same question was propounded to another witness or evidence tending to sustain the point covered by the objection was offered."

The law does not require idle formalities, and the court having ruled the evidence admissible and proper exceptions having been reserved; further objection to the same line of interrogation is not required.

The court erred in admitting evidence of changes made in the station platform after the accident. See Ashland Supply Co. v. Webb, 206 Ky. 184, 266 S. W. 1086, where further authorities, as well as the reason for the rule will be found.

The evidence of Dr. Kidd as to what Mrs. Rowland said to him about the accident should have been excluded, as this conversation took place some hours after the accident, but the statement of Mrs. Rowland to Mrs. Quillen, "Miss Mary, I fell and almost killed myself," made immediately after the accident, was competent. The law

recognizes the frailties of human nature and the temptation to put upon another the responsibility for our misfortunes is so great that self-serving declarations are not usually admissible and, therefore, the court should not have admitted what Mrs. Rowland said to Dr. Kidd, or any of her statements to others about how she got hurt; but the statement to Mrs. Quillen falls within an exception to this rule, by which exception statements and declarations made at the time of and so closely connected with as to be a part of the happening, are admissible, even though they be self-serving, the theory under which such statements are admitted being that they are so closely connected with the happening that they are, in a sense, involuntary, and the party making them could not have had time to fabricate them. Thus, the statement to Mrs. Quillen should have been admitted. The defendant should have been permitted to prove statements made by her against her interests, for the reason that when a party makes an admission or declaration against his interests, the law presumes such admission or declaration is true, else the party would not have made it. Therefore, the defendant should have been permitted to prove by Miss Scoville what Mrs. Rowland said to her about the weakness of her heart, and the request she made of her to not allow the doctors to give her anything that would affect her heart.

The court should not have admitted evidence about some box cars standing on the house track, as no one claims that the presence of these cars in any way contributed to the happening of the accident. Evidence should not have been admitted about what Dr. Evans said about Mrs. Rowland's injuries. An action for pain and suffering can not be joined with an action for death. Lewis' Admr. v. Taylor Coal Co., 112 Ky. 845, 66 S. W. 1044. Therefore, evidence of Mrs. Rowland's pain and suffering should not have been admitted, as this was an action for her death. C. & O. R. Co. v. Banks' Admr., 142 Ky. 746, 135 S. W. 285.

We have examined the instructions given as well as those refused, and do not find any error in the giving or refusing of instructions; but, as the death certificate mentioned above is *prima facie* evidence that Mrs. Rowland died of heart disease, when this case is retried, and the incompetent evidence pointed out in this opinion is excluded, unless some new evidence is found, there will be

no evidence to warrant the submission of this case to the jury.

The judgment is reversed and defendant is awarded a new trial to be had in conformity with this opinion.