## FOURSEAM COAL CORP. v. BARNETT.

Court of Appeals of Kentucky.

June 8, 1951.

Craft & Stanfill, Hazard, for appellant.
Napier & Napier, Hazard, for appellee.

MOREMEN, Justice.

This is an appeal from a judgment by which appellee, Helen Barnett, was awarded damages in the sum of $6,500 against appellant, Fourseam Coal Corporation.

It was alleged in the petition that appellee, while walking on a public highway over which appellant was operating a tipple, from which it had "carelessly, negligently and recklessly, removed or caused to be removed a plank from the bottom of the floor of said tipple so as to cause large quantities of coal to pass through the bottom of said tipple and fall upon and into said highway  *  *  *  and by reason of defendant's operating its said tipple in a careless and negligent manner as aforesaid and by reason thereof a large block of coal fell from said tipple for a distance of 75 feet, striking plaintiff  *  *  *."

Appellant contends that this specific allegation of negligence was not supported by proof, and, appellee having specifically alleged negligence, cannot recover damages for any negligent act other than the one specified in the petition.

In the case of Wigginton's Adm'r v. Louisville R. Co., 256 Ky. 287, 75 S.W. 2d 1046, 1049, the court said: "It is elemental a plaintiff's pleading and proof must agree.  Negligence may be alleged generally.  Ill[inois] Cent. R. Co. v. Cash's Adm'x, 221 Ky. 655, 299 S.W. 590.  Under such an allegation of negligence the plaintiff may prove any acts of negligence of the defendant (Monroe v. Standard Sani-

tary Mfg. Co., 141 Ky. 549, 133 S.W. 214) ; but, where he alleges special acts of negligence (L[ouisville] & N. R. Co. v. Kirby, 173 Ky. 399, 191 S.W. 113; L[ouisville] & N. R. Co. v. Mitchell, 162 Ky. 253, 172 S.W. 527; C[hesapeake]. & O. R. Co. v. Cooper, 168 Ky. 137, 181 S.W. 933; Pullman Co. v. Pulliam, 187 Ky. 213, 218 S.W. 1005; L[ouisville]. & N. R. Co. v. Morgan's Adm'r, 225 Ky. 447, 9 S.W.2d 212; Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S.W.2d 942), or where the petition contains a charge of general negligence coupled with the specific acts of negligence, he must confine his evidence and right to recover to the specific acts (L[ouisville]. & N. R. Co. v. Horton, 187 Ky. 617, 219 S.W. 1084). See American Sav. Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S.W.2d 115, 119, and Stacy v. Williams, 253 Ky. 353, 357, 69 S.W.2d 697."

Appellee's specific allegation of negligence was not substantiated in the slightest degree by the evidence produced at the trial. Appellee, herself, stated that she knew nothing about the tipple nor how it was kept, and the only witnesses who undertook to relate the cause of the accident testified as follows:

Haskel Barlowe:

"Q. 22. What caused this coal to fall on her? A. I don't know. I don't know exactly. It must have come off the side of the truck or the bin was too full or something.

"Q. 23. You don't know how come it to fall? A. I don't know how come it to come off there.

"Q. 24. Does the coal come over there at this particular spot if the bin is too full? A. It comes over the side if they overload the bin.

"Q. 25. At the place where this coal comes over? A. Over the side there.

"Q. 26. What does that indicate to you? A. It is possible that somebody could have come along and pushed it off, or maybe the bin was too full. Quite a few reasons why it could come over there."

Willie Kilburn:

"Q. 9. Did you see the coal fall on her? A. Yes.

"Q. 10. How big was the coal that fell? A. It was slack stuff that I saw.

"Q. 11. Did you see it before it hit her? A. I never did see it hit her. I saw it fall.

"Q. 12. You knew the coal was falling? A. Yes they dumped too much coal up on the bin. They dumped the coal and it was up so high and they didn't have enough sideboards."

Appellee also attempted to strengthen this evidence by offering to show that repairs were made on the tipple after the accident. The court sustained an objection to testimony of Barlowe (it appears in the form of an avowal) that about fifteen minutes after the accident some one took lumber up to the tipple, but he did not know what was done with it. Kilburn was permitted to testify over the objection of appellant as follows:

"Q. 15. At the time Mrs. Barnett was struck by this coal, was any repair work being done on the tipple or around the mine? (Defendant objects; objection overruled; defendant excepts.) A. They had put up one plank on the side up the creek.

"Q. 16. On the side of what? A. A side board.

"Q. 17. Where did they put it? A. On the side up the creek.

"Q. 18. Was that plank put up where the coal fell from? A. Yes. (Defendant objects and moves to exclude the answer from the consideration of the jury.)

"The Court: Was this plank put up before or after she was hurt? A. It was put up before and was torn down and they put it up again afterwards."

This testimony does nothing to support the specific allegation of negligence, and fails to show any definite defect that existed in the tipple which might have directly caused the accident. It should have been excluded for this reason, and also on the grounds assigned in the case of Ashland Supply Co. v. Webb, 206 Ky. 184,

266 S.W. 1086, wherein it was said: "There are two reasons why evidence of subsequent repairs should not be admitted. One is that, while it may be necessary to subsequently repair the appliance, it does not follow from that that the appliance was defective at the time of the accident. The other reason is that, if such evidence were admitted, it would have a tendency to cause employers to omit making needed repairs for fear that the precaution thus taken by them could be used as evidence against them."

See also Louisville & N. R. Co. v. Rowland's Adm'r, 215 Ky. 663, 286 S.W. 929, and Louisville & N. R. Co. v. McCoy, 261 Ky. 435, 87 S.W.2d 921.

The trial court correctly excluded testimony offered by the first witness, but erred in permitting the second witness to testify on this point.

■ The appellant contends that it was entitled to a directed verdict on the ground that there existed a fatal variance, under Sec. 131 of the Civil Code of Practice, between the specific plea of negligence and proof adduced. This section must be considered in connection with Sec. 129, which reads: "No variance between pleadings and proof is material, which does not mislead a party, to his prejudice, in maintaining his action or defense upon the merits. A party who claims to have been so misled must show that fact to the satisfaction of the court; and, thereupon, the court may order the pleadings to be amended, upon such terms as may be just."

It was not the intention of these sections to place a strict penalty upon minor deviations from the allegations in the pleadings, nor, forever to hold the pleader to his original averment. If the adverse party was misled to his prejudice then the pleadings were subject to amendment, and this is so even after return of the case from the Court of Appeals to the Circuit Court.

■ Appellant also insists that the court erred in giving instruction No. I, which reads: "It was the duty of defendant's agents in charge of the operation of its tipple on the occasion in question to exercise ordinary care for the safety of persons passing under the tipple and using a public highway under same, and so as to prevent coal or other objects from falling upon the highway under the tipple; and if you believe from the evidence that defendant's agents negligently operated its tipple at said time and because thereof a piece or pieces of coal fell from said tipple and upon the head of the plaintiff while she was using the highway passing under same, and at a time when she was exercising ordinary care for her own safety, the law is for the plaintiff and you shall so find. Unless you so believe, you will find for the defendant."

We believe that the court did err in offering said instruction.

In the case of Manwaring v. Geisler, 191 Ky. 532, 230 S.W. 918, 921, 18 A.L.R. 192, the court held that where specific acts of negligence were charged in the pleading, and which were not sustained by the proof, the court erred in instructing the jury concerning general acts of negligence, and further stated: "On a return of the case to the lower court the plaintiff should be allowed to amend his petition if he so desires, and set forth the negligence indicated herein, or in general terms." On the second appeal of said case, Manwaring v. Geisler, 196 Ky. 110, 244 S.W. 292, the opinion states that upon return of the case plaintiff amended his petition and alleged general negligence without withdrawing or attempting to withdraw any of the allegations of specific negligence charged in the original petition and held that plaintiff was still confined to his specific acts of negligence because they had not been withdrawn, and reiterated, "Again we say, the plaintiff may, upon return of this case, amend his pleadings and rely upon such facts in addition to the specific acts of negligence heretofore alleged as will authorize the giving of such an instruction, or he may, in [any] such amendment, withdraw all the former allegations of specific negligence, and rely upon a plea of general negligence, and in either event he will be entitled to the instruction as indicated in the former opinion."

In the case at bar in instruction No. I, above quoted, appellee was given the bene-

fit of an instruction that only should have been given if supported by the pleading, and since the pleadings in this case concerned specific, and not general acts, the court erred in so instructing the jury.

Wherefore, the judgment is reversed.