## Louisville & N. R. Co. v. Yett.

Feb. 2, 1943.

H. T. Lively, H. L. Bryant and J. J. Tye for appellant.

J. Milton Luker and C. R. Luker for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

Appellee has been in the employ of appellant as a laborer in a section crew for approximately 4 years. While thus employed, he sustained injuries to his back. On the 21st day of February, 1941, he commenced this action to recover for his injuries. In his original petition, he alleged that his immediate superior, who was appellant's foreman, recklessly, carelessly, and negligently directed him to lift, carry, and load crossties and other materials of such weight as to be reasonably calculated to cause injury to any person performing that work. By answer, the company denied the allegations, and affirmatively pleaded assumed risk and contributory negligence, which were denied by reply. On the call of

the case for trial, appellee amended his petition, re-adopting the allegations of his original petition, and further alleging that appellant had ordered him to carry crossties and other materials, without furnishing him fellow workmen sufficiently skilled or adequate in number to perform the work required by the foreman.

The case was tried on November 22, 1941, and on that day, the jury returned a verdict in favor of appellee in the sum of $1,238. Appellant filed motion and grounds for a new trial on the 24th day of November 1941. On November 25, 1941, the third day following the rendition of the verdict, appellee with leave of court, over objection of appellant, filed a second amended petition "to conform to the proof," wherein he alleged that appellant had failed and refused to furnish proper tools (tie dogs) with which to work. On November 29, 1941, the motion for new trial was overruled and judgment entered in conformity with the verdict of the jury.

Since we are of the opinion the court erred in not sustaining appellant's motion for a peremptory instruction, we will not treat of the other grounds urged for reversal of the judgment. The bases of the motion for a directed verdict were (1) there was an utter failure of proof that appellant was guilty of negligence, and (2) appellee assumed the risk of the accident which caused the injury.

Shortly before the accident occurred, appellee and his fellow workmen had been directed by their foreman to lift switch ties 9 to 12 feet in length, weighing between 200 and 250 pounds each, from the ground on the railroad right of way, and place them on a flat truck, the bed of which was approximately 4 feet from the ground. Two of the crew handled the forward end of each tie while appellee handled the tail end. The tie they were lifting at the time of the accident was shorter than the ties between which it was stacked, and appellee placed his foot on the longer ties in lifting the end of the shorter tie from the ground. When their end was sufficiently close to the truck to do so, the workmen holding the forward end pitched it onto the truck, which specific act was done at the instant appellant stepped from the longer ties to the ground. He claims that the act of pitching the tie to the truck caused the weight to be transmitted against him with such force as to strain his back. He admitted the tie which was being loaded at the time he was

injured was being handled in exactly the same manner as other ties loaded on that occasion, and in the manner frequently employed in this character of work, although, it was the usual custom to load the ties by use of tie dogs, in order to facilitate the work. When tie dogs are used, it is necessary for four men to handle them instead of three, in order that proper balance may be maintained.

We think the facts of the case call for application of the rule pronounced in numerous decisions of this court that a servant who knowingly continues to work with inadequate assistance or inadequate tools assumes the risk attendant upon his employment, if he knows, or if it is plainly obvious to a person of ordinary prudence, that performing such work under similar circumstances will subject the servant to a severe strain and likely result in the injury complained of. It is not now claimed that any act on the part of fellow servants caused the injuries complained of, nor is it now claimed that any weakness on their part caused a strain more severe than appellee had been subjected to in previously lifting the ties. In like circumstances, we have invariably held that, because a man is the best judge of his own strength, he assumes the risk, and cannot shift responsibility for his mistaken judgment onto the master, if he sustains an injury by attempting to lift a load heavier than he is able to bear. Louisville & N. R. Co. v. Alexander, 277 Ky. 719, 127 S. W. (2d) 395; Nashville, C. & St. L. R. Co. v. Cleaver, 274 Ky. 410, 118 S. W. (2d) 748. In the case of Nashville, C. & St. L. R. Co. v. Cleaver, an experienced workman was injured while assisting in carrying heavy timber after having remonstrated with his foreman and being ordered over his objection to continue the work. It was held that he assumed the risk and could not recover damages from the company. The facts of that case were more favorable to the complainant than the ones here, because there is no evidence in this case that appellee remonstrated or complained of the lack of proper implements or the inadequacy of the number of men furnished to assist him. In the Cleaver case the servant complied with specific direction of the foreman to continue to carry the load that caused the injury, while, in this case, appellee was complying merely with a general direction to load ties. He had been working in a similar position for 4 years and was or should have been as well acquainted with the risk involved as was his foreman. Although it might be conceded that the use of tie dogs

would afford greater safety for the employee, the master is not required to adopt any particular method of conducting its business, but is required only to adopt usual and customary methods employed by ordinarily prudent persons in like work under similar conditions. There was nothing attached to the work appellee was doing that involved a risk which was not as obvious to him as it would have been to his foreman. We are of the opinion that not only was there an utter lack of evidence of negligence on the part of appellant, but that appellee, in undertaking to perform the work he was directed to do, assumed the risk which caused the injuries.

In discussing the evidence in respect to appellant's motion for a peremptory instruction we have treated the testimony concerning lack of proper tools as if it had been competent (which it was not) on the issues raised by the pleadings. The pleading in support of this evidence was not filed until three days after the rendition of the verdict. The issue raised thereby was entirely foreign to those set out in the previous petitions, and permission to file the amendment after the completion of the trial was in flagrant disregard of the defendant's substantial rights.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent with this opinion.