## Louisville & N. R. Co. v. Willhite.

May 22, 1945.

76

C. S. Landrum, C. E. Rice, Jr., Tye and Siler for appellant.

L. O. Siler for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellee instituted the action against appellant to recover for injuries sustained while in the employ of appellant, as a result of alleged negligence in requiring him to lift cross-ties without providing a sufficient and adequate number of fellow workmen. The petition alleges that appellee informed the foreman in charge of the work that the number of workmen assigned to the handling of the cross-ties was insufficient to perform safely the work required. That he refused to perform the work, but was advised by the foreman that the force was sufficient, and to proceed with the work. Appellee testified that he had had no previous experience in handling or loading cross-ties; that the crew in which he was working was composed of three men, but immediately preceding the accident the foreman withdrew one of his helpers, thus leaving appellee and one fellow workman to perform the work. When this occurred, he informed the foreman that it would take more men to do the work, but the foreman merely smiled and passed on. All other witnesses in the case testified that three men were working in the crew at all times. These witnesses included the foreman and both of the other members of appellee's crew.

Accepting appellee's testimony as true, which we must in considering the contention that the Court erred in overruling appellant's motion for a peremptory instruction, we are of the opinion that it was not sufficient, in its application to the law, to warrant a submission of the case to the jury. Whilst appellee alleges that with but one helper he refused to continue with the work, and did so only upon the assurance that two men could safely perform the duties, his evidence falls far short of proving the allegation. Appellant's evidence discloses that it is customary for three men to work in crews performing the work appellee was doing at the time of the accident, but that quite often only two workmen are used, and that two can perform the work without danger to a person ordinarily engaged in like enterprise. The only testimony to the contrary is that given by appellee himself; and his testimony in that respect cannot be given any probative value. He testified that he was without previous experience in that line of work; therefore, his opinion of the number of men required to perform the work safely cannot be given any weight. The evidence further shows that, previous to the injury and from birth, appellee had a potential hernia consisting of an enlargement of the "rings" and spermatic cord, rendering him peculiarly susceptible to rupture at any time. Appellant was not advised of this condition, and had the right to assume appellee to be in ordinary physical condition. That being true, appellant cannot be charged with negligence, unless it be shown by the evidence that it failed to provide a sufficient number of workmen to assist a person of ordinary physique to perform in safety the work required.

The case falls within the rule pronounced in Louisville & N. R. Co. v. Yett, 293 Ky. 71, 168 S. W. 2d 556, 558, in the following language: "We think the facts of the case call for application of the rule pronounced in numerous decisions of this court that a servant who knowingly continues to work with inadequate assistance or inadequate tools assumes the risk attendant upon his employment, if he knows, or if it is plainly obvious to a person of ordinary prudence, that performing such work under similar circumstances will subject the servant to a severe strain and likely result in the injury complained of. * * * We have invariably held that, because a man is the best judge of his own strength, he assumes

the risk, and cannot shift responsibility for his mistaken judgment onto the master, if he sustains an injury by attempting to lift a load heavier than he is able to bear. * * * There was nothing attached to the work appellee was doing that involved a risk which was not as obvious to him as it would have been to his foreman. We are of the opinion that not only was there an utter lack of evidence of negligence on the part of appellant, but that appellee, in undertaking to perform the work he was directed to do, assumed the risk which caused the injuries.''

In the Yett case, the servant had been engaged in similar work for a period of four years, and such experience was deemed sufficient to impute knowledge of the risk involved. In the instant case, previous experience is lacking; therefore, knowledge of the risk involved cannot be inferred from the servant's familiarity with the work; but he admitted that the danger, if any, was known to him, when he testified: ''I told Mr. Petrey (the foreman) it would take three men to lift them (meaning the crossties).''

The judgment is reversed, with directions to grant appellant a new trial, to be conducted in conformity with this opinion.