## Chesapeake & O. Ry. Co. v. Lilly.

May 29, 1945.

LeWright Browning and Wells & Wells for appellant.

J. L. Harrington for appellee.

Opinion of the Court by Judge Cammack — Reversing.

Mont Lilly received an injury to his right hand while he was assisting fellow workmen in loading rails in one of the appellant's cars. In this action, which is governed by common-law principles, because the petition contains no allegation which would make applicable the provisions of the Federal Employers' Liability Act, 45 U. S. C. A. sec. 51 et seq., or KRS 277.310 and KRS 277.320, he was awarded damages in the amount of $1,250. Reversal is urged upon the grounds that a peremptory instruction should have been given in favor of the Company and the jury was erroneously instructed. Since we are of the opinion the first ground is well based, we will confine our consideration of the case to that point.

Lilly had been working for the Company for about 29 years as a section hand. He had participated in loading and unloading rails in the same manner as they were being handled on the day he was injured. The rails were some 39 feet in length and weighed 130 pounds

to a yard. After 13 of the rails had been removed from a car by means of a gasoline derrick it was found that they were being unloaded at the wrong place. It became necessary to reload them, Lilly was injured as the seventh rail was being lowered into the car. The customary manner of loading the rails was to fasten a grab hook near the center of each rail. They were then lifted by means of a derrick into the car. A workman would stand at the end of each rail and steady it to prevent any unnecessary swinging or lateral motion. When the rail was lifted to the height of the car it was swung over it and lowered thereinto. After a rail was lowered into the car, four workmen, of whom Lilly was one, would enter the car and place the rail in its proper position. The men working in the car had been instructed to leave it after each rail was placed, because it was impossible for the derrick operator to control the swinging or lateral movement of the rail while it was being swung over and down into the car. When the seventh rail was being lowered into the car, in the same manner as had been the others, one end of it swung down and struck the rim or top edge of the car. Lilly was standing on the outside of this end of the car holding on to a grab iron with his left hand and to the top of the car with his right hand. The swinging rail struck his right hand. The derrick operator said he saw Lilly's position just as he received his injury, and that he applied the brakes on the derrick to avoid the further lowering of the rail, but he was unable to control its swinging movements.

There is some contention that the derrick operator knew or could have known of the dangerous position in which Lilly was standing, but there is no testimony refuting his own to the effect that he did not see Lilly until the time of his injury. Lilly testified that he did not have time to remove his hand as he lowered his head to avoid coming in contact with the rail, and therefore was unable to see that his hand was in a position of danger. There is some contention also that, prior to 1927, it had been the custom to use guide ropes when rails were being lowered into a car, but the record shows the manner in which the rails were being placed in the car was the usual and customary manner, and, as indicated heretofore, Lilly had been engaged in this type of work before. He knew of its dangers and of the necessity of staying

in the clear as the rails were being swung over and lowered into the car. He had already assisted in placing six rails in the car, and, while it is true none of the others had struck the car rim, yet there was always the chance that one might do so. Lilly may or may not have been negligent, but it is clear to us that there was no showing of negligence on the part of the company. As pointed out in Kaufman v. Peter-Burghard Stone Co., 170 Ky. 482, 186 S. W. 125, there can be no recovery against the master where there is no showing of negligence on his part. When an employee knows the nature of the work which he is performing, and inherent dangers connected therewith, he assumes the risk of injury, and where there is no showing of negligence on the part of the master he may not recover for an injury which he sustains. Louisville & N. R. Co. v. Stewart's Adm'r, 207 Ky. 516, 269 S. W. 555; Louisville & N. R. Co. v. Yett, 293 Ky. 71, 168 S. W. 2d 556. Under the circumstances, the Company's motion for a peremptory instruction should have been sustained.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.