**WILES, Plaintiff, v. MOTOR CLUB OF AMERICA, INC. et al., Defendants.**

Common Pleas Court, Franklin County.

Nos. 184224, 185763.    Decided April 15, 1953.

Nelson Lancione, Bellaire, for plaintiff.

Henry A. Reinhard, Martin Y. Reeves, Columbus, for defendants.

## OPINION

By BARTLETT, J.

**THE DEMURRER TO THE SECOND AMENDED PETITION, IN BOTH CASES, IS SUSTAINED.**

The facts in the first case, set forth in the second amended petition, briefly, were that the defendant, The Motor Club of America, Inc., operated a school devoted to teaching persons to drive motor vehicles upon the public highways, and the other two defendants were instructors of said school. Plaintiff, Mary Wiles, paid the school $28.00 for ten driving lessons, which were given by the two instructors; and, then, she paid for two more lessons, which were received. Plaintiff says that upon completing these lessons, the defendants led her to believve that she was capable of driving a motor vehicle safely upon the public highways. One of the instructors went with her to the State Highway Patrol for her driver's examination. In the course of her driving examination, she drove south on Ohio Avenue, a public street of Columbus; and in making a left turn into Madison Avenue, another such public street, plaintiff says that due to the negligence of the defendants hereinafter set forth, the automobile she was driving struck a tree on the northeast corner of said streets, resulting in certain personal injuries to her, as the direct and proximate result of said negligence of the defendants, for which she prays judgment in the sum of $28,500.00.

The specifications of negligence set forth against the defendants were:

1. They permitted her to take the lessons, knowing or having reasonable cause to believe, that she could not attain sufficient proficiency to drive safely upon the public highways.

2. Defendants led plaintiff to believe she was capable of driving safely on said highways, when they knew or should have known she was not capable of so doing.

3. Defendants did not teach her to make left hand turns.

The second case is by the husband, in which the same facts are pleaded, and in which he seeks judgment for the loss of her services in the sum of $21,500.00.

The husband sets up an additional specification of negligence, that the defendants did not inform him that they were teaching his wife to drive. He, also, says he did not know she, was taking driving lessons; and that he was opposed to her taking such lessons, and she so informed the defendants.

To say the least, these two cases involve a most novel set of facts. No similar case has been found in which the liability of such a relationship has been determined; and there being no authoritative treatise on the duties and obligations of instructors in the art of driving automobiles, resort to legal

principles governing other kinds of cases must be made in the hope of correctly deciding the issues here tendered.

The plaintiff was the sole arbiter of her action. She was under no obligation or compulsion, either to take the driving lessons or to undertake to drive the car. She was not employed by anyone or subject to the control of any person. She was driving the car when it hit the tree, so the striking of the tree was her own act unless she can trace the fault for her injury to the defendants and the mere happening of an accident does not raise a presumption of negligence against them; and when negligence is the ground of an action, it devolves upon the plaintiff to plead and prove affirmative facts from which there may be a logical inference of negligence on the part of the defendants. Whart. on Neg. 2d Ed. Sec. 421, and cases there cited.

True, the petition recites the defendants knew or had cause to believe plaintiff could not attain sufficient proficiency to drive safely; but what operative or supporting facts are pleaded that justify such a conclusion? What are the facts, known to defendants or which put them on notice, that prevented her from learning to drive as other ordinary persons do? Were these facts known to her and did she communicate them to the defendants?

The petition, also, states the defendants led her to believe she was capable of driving safely when she was not. What are the facts as to why she was not capable of driving, after taking more than the usual lessons in driving? The petition further states the defendants did not teach her to make a left hand turn. As an adult person of ordinary intelligence, did she not have peculiar personal knowledge that she did not know how to make such a turn, and if not, what are the facts as to why she did not know?

Whether a particular pleading is merely the conclusion of the pleader, may be tested by the presence or absence of supporting or operative facts. Munn v. Herriff, 2 O. Supp. 401.

Mere conclusions of the pleader, not supported by such facts, are not admitted on demurrer. only proper and well pleaded facts being so admitted. **31 O. Jur., Pleading, Sec. 103, p. 661.**

Where flying school operator contracted to train pilots, the relation of teacher or instructor and pupil existed between the operator and flight trainee; and principles governing relationship of master and servant, governed operator's liability for trainee's injuries resulting from mid-air collision. Weadock v. Eagle Indemnity Co., et al. 15 So. (2d) 132.

"One who is so devoid of intelligence, as to be unable to apprehend apparent danger, and to avoid exposure to it,

cannot be guilty of contributory negligence; because he is incapable of exercising care. Still, **other persons are not bound to observe special precautions for the safety of such an incapable, unless they have notice of his incapacity or mental deficiency.**" Burdick's Law of Torts, Negligence, Sec. 536, p. 499; **Barrett v. Ry. Co., 2 Oh Ap 307, 310.**

It is the duty of an individual to exercise ordinary, reasonable, or due care for his own protection and safety, **29 O. Jur., Negligence, Sec. 94, p. 543.**

Where the nature and extent of the risk are fully appreciated and voluntarily incurred, there is assumption of risk. Hunn v. Windsor Hotel Co., 119 W. Va. 215, cited with approval in **Englehardt v. Phillips, 136 Oh St 73, 81.**

"If one is of mature age, or of sufficient age to know and appreciate the danger that attends his act, he cannot complain of an injury sustained by reason of a risk voluntarily assumed. He cannot go into a place of danger which he appreciates and understands, and recover if he is injured thereby." Hart, J., Englehardt v. Phillips, supra, p. 82; **Davis v. Somers-Cambridge Co., 75 Oh St 215.**

An employee seeking damages for a disability resulting from an aggravation of heart disease induced by the hard manual labor required in his work, on the ground that the employer who required a physical examination when he was hired, knew of plaintiff's heart condition and knew or should have known that the exertion required would endanger or shorten his life, **"must show, not only that he did not know of his own condition, but that the employer knew or should have known that he did not know of such condition; and in the absence of an allegation to that effect his declaration is defective."** (Emphasis ours.) Glidden v. Bath Iron Works Corp. 175 A. L. R. 976.

In the foregoing case the Supreme Court of Maine sustained a special demurrer because of such defect in the declaration. A very valuable and exhaustive annotation follows this Maine case on the liability of employer for injury to employee due to his physical unfitness for the work to which he was assigned.

Where the servant was as well aware of his unfitness as was the master, the master as a matter of law is not guilty of primary negligence. Knox v. Schomaker, 191 Okla. 337. The servant must determine for himself whether his health and strength are adequate for the performance of the labor agreed to be performed. Ward-Pullen Coal Co. v. Wallace, 176 Okla. 604.

"It has been stated in a number of cases that an employee who knows of his physical unfitness for the work assigned should, if he seeks to hold his employer liable for injuries sus-

tained, have notified the latter of his incapacity." 175 A. L. R. p. 990; 3 Labatt, Master and Servant, 2d Ed. 287, Sec. 1082.

The employer had the right to assume the employee to be in ordinary physical condition, if not advised to the contrary. L. and N. R. Co. v. Willhite, 300 Ky. 75.

In the absence of facts putting him on inquiry an employer is entitled to presume an employee is of sufficient mental capacity to undertake the work which he assumes. Sowers v. Virginia R. Co. 101 W. Va. 582.

His fall in the water must be regarded, under the circumstances, as the result of unfitness for the duty he undertook, and the folly of undertaking it. Phillips v. The Pilot, 82 F. 111.

Evidence of mental incompetency on the part of an injured employee, cannot be used as a defense, if not set up in the complaint, employer has right to assume employee an adult of ordinary intelligence. Hill v. Smith and Son, 176 Mich. 151.

Mere complaint without any compulsion and with full knowledge of the risk involved is not enough to relieve the injured employee from the doctrine of assumption of the risk. 175 A. L. R. 1005 and numerous cases cited.

The weakness of the plaintiff's case lies particularly in her failure to plead facts which establish that the negligence of the defendants, if any, was the proximate cause of the injuries incurred by the defendant.

"It is not enough to aver that a certain thing is the proximate cause of an injury. The pleading must disclose the facts which show that it is so." 29 O. Jur., Negligence, Sec. 141, p. 615; Egan v. N. Y. C. & St. L. R. Co., 5 C. C. (N. S.) 482.

Reynolds, J., of this court, hit the nail on the head, when he said:

"There are no facts pleaded to show that even assuming these allegations (same four specifications of negligence set out in second amended petition) to be true, that there was any causal relation between the same and plaintiff's loss of control of the automobile."

(Or, as stated in the second amended petition, the striking of the tree.) For this reason, Reynolds, J., sustained a demurrer to the first amended petition, and for the same reason, the demurrer to the second amended petition must be sustained.

It is interesting to note that Harter, J., of this court, overruled the demurrer to the petition with some hesitancy; and on page 3 of his opinion says:

"There is another extremely serious point implicit in our consideration of this demurrer—i. e. were the defendant's acts

of negligence actually the **proximate** cause of plaintiff's injuries. * * *"

"An instructor's neglect to warn cannot, surely, be said to be the proximate cause of the injury where the person injured is fully aware of the danger which inflicted the injury. See 56 C. J. S. pp. 1053 and 1054."

The reason for Harter's, J., doubt lies in the weakness of the petition in that operative or supporting facts were not pleaded; but the pleader resorted to general allegations of negligence, as the proximate cause of the plaintiff's injuries.

Demurrer to second amended petition, in both cases, sustained.